# The County of Erie *versus* The Erie and Western Transportation Company.

The Erie and Western Transportation Company is a Pennsylvania corporation, engaged in the business of transporting grain and other merchandise to and from the various ports on the great lakes to southern and eastern cities.  It owns certain water-lots in the city of Erie, on which to accommodate its business it erected grain elevators, warehouses and offices.  *Held,* reversing the court below, that these were taxable for local purposes by the county of Erie, under the principle of the ruling in Railroad *v.* Berks County, 6 Barr 70, and Wayne County *v.* The Delaware and Hudson Canal Co., 3 Harris 351.

October 22d 1878.   Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and TRUNKEY, JJ.  WOODWARD, J., absent.

Error to the Court of Common Pleas of *Erie county:* Of October and November Term 1878, No. 198.

The following case, wherein the county of Erie was plaintiff, and the Erie and Western Transportation Company was defendant, was stated for the opinion of the court :

That the defendant is a public corporation duly incorporated by the legislature of Pennsylvania, by act approved June 21st 1865, and by supplements of April 15th 1869, and May 9th 1871, entitling the defendant corporation : " to all the powers, privileges and rights conferred by an act approved April 7th 1870, upon the

[County of Erie v. Erie, &c., Transportation Co.]

Pennsylvania company" (all of which acts of the legislature of the Commonwealth of Pennsylvania are to be taken and made a part of this case stated as fully as if the same were copied herein).

That the defendant corporation is a common carrier engaged in transporting grain and other merchandise to and from Chicago, in the state of Illinois, and other ports on the great lakes, the cities of Philadelphia, Penna., Baltimore, Md., and other eastern and southern cities; that in the carrying on of its business under its charter, it is necessary that it should have grain elevators, docks, warehouses and offices in the city of Erie.

That the defendant is the owner of certain water-lots, situate in the city of Erie, necessary to the carrying on of its business under its charter, and upon which are erected two grain elevators, warehouses, docks and offices, all of which are used by the defendant in carrying on its business under its charter.

That the plaintiff is a quasi corporation in law.

That the said plaintiff did assess and levy upon the said water-lots, docks, elevators, warehouses and offices of defendant, situate in the city of Erie and county of Erie aforesaid, a tax for county purposes, for the year 1875, amounting to the sum of $607.50, and collected the same from the defendant, and that the said defendant paid the said tax under protest; that the said plaintiff did assess and levy upon the said property of defendant a tax for county purposes, for the year 1876, amounting to the sum of $607.50, which said last-mentioned sum has not been paid.

If the court is of the opinion that the said property of the defendant was not legally subject to taxation for county purposes, the judgment is to be entered for defendant for $607.50 (the tax paid under protest for the year 1875), but if the court is of the opinion that the said property of defendant is subject to the payment of said taxes, the judgment to be entered in favor of plaintiff for $607.50, the tax for 1876.

The court in an opinion, inter alia, said:

"It is admitted by the case stated, as it is apparent from the charter and scope of the objects and purposes of this organization, that it is a public corporation, and that the property taxed is such as is necessary for the enjoyment of the franchise granted by the act of incorporation and its supplements. [It must therefore be held to be exempt under a class of cases decided by the Supreme Court and not necessary to be cited here.] It is not requisite with the view so taken of this case to consider the effect of the Act of 1871, extending the rights of the Pennsylvania company to the Erie and Western Transportation Company, defendants. Judgment entered on the case stated for defendants for the sum of $607.50."

The plaintiff took this writ, assigning for error the entry of judgment and the foregoing portion of the charge in brackets.

[County of Erie *v.* Erie, &c., Transportation Co.]

*D. B. McCreary* and *Frank Gunnison*, for plaintiff in error.—We do not claim that land occupied by railroads, and necessary for their use, or property or appurtenances necessary to the proper exercise of their corporate franchises, are legally liable to local taxation. This is a statutory right, and has been too often construed by this court to leave it a debatable question. But the defendant is not a railroad and does not exercise the functions of one.

This company, so far as it operates within this state, does so mainly under authority given by the railroads ; the same as a private individual or a number of individuals associated together might do without a charter. It is simply a business arrangement. And whilst it may be said in legal parlance to be a public corporation, having a charter and a corporate existence, yet it is submitttd whether it is a public corporation in that sense of the word that entitles it to the same immunities and exemptions and privileges that are enjoyed by railroad corporations, which have become and are public, common necessities every day and hour to every citizen of the government as well as the government itself.

*James C. & F. F. Marshall*, for defendant in error.—The defendant is not a private corporation organized merely for private purposes, but is a corporation created for the public convenience and charged with the performance of duties to the public ; the property belonging to the defendant sought to be taxed is indispensable to the performance of the duties imposed upon it. The defendant is bound to receive and transport all grain, goods and merchandise offered it, and for any one who may desire their grain, goods or merchandise so transported. It can make no choice of its customers, but must treat the public alike. In transporting grain from the western cities to the seaboard, the elevators at the port of shipping and delivery are as necessary and indispensable as the steamers and vessels by which the grain is carried; without these elevators and docks, offices and freight depot at Erie, the defendant would be utterly unable to enjoy its franchises, or perform its duties to the public. When hundreds of thousands of bushels of grain are now daily received and transported by this company, without these elevators and docks it could not transport a single cargo during the season.

We therefore contend, and it is conceded by the case stated that the defendant is a corporation of the class of railroads, canals, &c.: Schuylkill Navigation Co. *v.* Commissioners of Berks County, 1 Jones 202; Lehigh Coal and Navigation Co. *v.* Northampton County, 8 W. & S. 334 ; Commissioners of Wayne County *v.* Delaware and Hudson Canal Co., 3 Harris 351 ; N. Y. & E. Railroad Co. *v.* Sabin, 2 Casey 242; Lackawanna Iron and Coal Co. *v.* County of Luzerne, 6 Wright 424 ; Northampton County *v.* Lehigh Coal and Navigation Co., 25 P. F. Smith 461 ; West Chester Gas Co. *v.* County of Chester, 6 Casey 232.

[County of Erie *v.* Erie, &c., Transportation Co.]

Coal and Navigation Co., 25 P. F. Smith 461 ; West Chester Gas Co. *v.* County of Chester, 6 Casey 232.

Mr. Justice GORDON delivered the opinion of the court, January 6th 1879.

From the case stated, we learn that the company defendant is a Pennsylvania corporation, incorporated by the Act of June 21st 1865, and by the supplementary Acts of 15th of April 1869 and 9th of May 1871. That its business is the transportation of grain and other merchandise, to and from the various ports on the great lakes, the cities of Philadelphia and Baltimore and other eastern and southern cities. That it is the owner of certain water-lots in the city of Erie, on which, for the accommodation of its business, it has erected two grain elevators, warehouses and offices, and that upon these the county of Erie has imposed the taxes which are the subject of this contention. Elevators, as we understand the word as here used, are warehouses for the storage and ready shipment of grain, and we presume the docks mentioned in the statement are appurtenances connected with these warehouses, intended for the convenient landing of vessels and the easy disposition of their cargoes. The only question is, was it proper to tax these warehouses for county purposes ? We may say, *in limine*, that the Act of 1870 extended to the defendant by the Act of 1871, applies only to the taxation of dividends and net earnings, and has no application to the question in hand. It has been repeatedly ruled that the property of canal and railroad companies, and other *quasi* public corporations, necessary for the exercise of their several franchises, as depots, toll-houses and water-stations, is not taxable for local purposes. The reason given for this exemption is that these things enter into the very composition of the works of these corporations, and, without which they could not exercise their corporate functions. On the other hand, it has been often and expressly held that such property as does not enter into the structure of a company's works, but is used only as a convenience for carrying on its business, is taxable. Warehouses, machine-shops and coal-shutes have been enumerated as property of this character : Railroad *v.* Berks Co., 6 Barr 70.

We understand that the warehouses, the taxation of which is the subject of controversy, were used not only as storehouses, in the ordinary sense, but also for the transshipment of goods from vessels to railroads, and *vice versa*, from railroads to vessels. This being so, the case is met in point and ruled by Wayne County *v.* The Delaware & Hudson Canal Co., 3 Harris 351, wherein it was held, that buildings situated at the junction of a canal and railroad, used for receiving and transshipping goods and merchandise to and from the canal and railroad, to be forwarded along the lines of these works, must be regarded as warehouses and therefore taxable. The

above cases so exactly cover the case in hand, that without over-ruling them, the judgment of the court below cannot be affirmed.

The judgment is reversed, and it is now ordered that judgment be entered, on the case stated, for the plaintiff in $675.50 with costs.