## Coatesville Gas Co. *versus* County of Chester.

1. The public works of a corporation used as such, with their necessary appurtenances, are exempt from taxation as real estate.

2. A stock company incorporated for the manufacture of gas, owned certain real estate and fixtures necessary for carrying on its business. The revenues of the company exceeded its expenses; dividends were paid to its stockholders; the said real estate constituted part of its capital stock; the shares of said stock held by individuals were liable to pay, and did pay taxes for state and county purposes. *Held*, that the lot, buildings and fixtures belonging to the company, were exempt from taxation as real estate.

3. Chadwick *v.* Magines, 8 W. N. C. 451, distinguished.

4. Art. IX., sects. 1 and 2, of the present Constitution, did *not* execute themselves so as to repeal any existing laws providing for the assessment and collection of taxes; they merely imposed restrictions on future legislation when it should be enacted.

5. The Act of May 14th 1874, Pamph. L. 158, was intended to define what shall be exempt from taxation, and not to provide a method of taxation; no intent can be inferred from it to subject real estate such as that concerning which the question was raised in the present case, to taxation as such.

March 23d 1881. Before SHARSWOOD, C. J., MERCUR, G R-DON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas of *Chester county:* Of January Term 1881. No. 252.

Amicable action by the county of Chester against the Coatesville Gas Company. The following case stated was submitted for the judgment of the court:

"It is hereby agreed that an amicable action be entered with like effect as if the defendant had appeared to a summons, that the case be deemed to be at issue as if a declaration had been filed, averring that the property hereinafter described was a legal subject of taxation, and the defendant had filed a plea denying this.

"It is further agreed that the following facts be submitted to the court as a case stated, with like effect as if found by the special verdict of a jury:

"The defendant is a corporation chartered by special Act of Assembly in 1868, 'with the right and authority to supply the borough of Coatesville and its vicinity with gas light.' By its charter, which is agreed to be a part of this case stated, it is declared to be managed, subject and entitled under the general Act

[Coatesville Gas Co. *v.* County of Chester.]

of Assembly of 1857, relating to gas companies, and its supplements.

"Among other property, the defendant owns a lot of land in the borough of Coatesville, on which are erected a brick building, containing its furnaces, retorts and machinery for manufacturing gas, and its reservoir for retaining and distributing the gas through pipes along the streets through the borough of Coatesville.

"It is agreed that this lot and improvements are used only for the manufacturing and supplying of gas according to the defendant's corporate powers, and that they are necessary and indispensable therefor.

"It is further agreed that the defendant is a stock company, whose revenues exceeds its expenses, declaring dividends to its stockholders; and that the lot aforesaid with the improvements thereon are a part of the capital stock of the corporation defendant, and are wholly included in the same, and as such pay the usual state tax to the Commonwealth. The stock of the corporation defendant is owned by a considerable number of individuals who are liable to and pay tax thereon to the state, and to the county plaintiff.

"It is also agreed that the private statute of April 8th 1859, Pamph. L. 426, in regard to the West Chester Gas Co., be considered as a part of this case stated.

"The lot of ground with the improvements thereon have been assessed as the real estate of the defendant, and a county tax of $19.20 levied on the same, which the defendant refuses to pay.

"If the court shall be of the opinion that the property so assessed is legally subject to such tax, then judgment to be entered for the plaintiff for said sum of $19.20; otherwise, judgment to be entered for the defendant, with full costs in either case, and reserving the right to either party to have review of said judgment in the Supreme Court."

After argument the court entered judgment for the plaintiff on the case stated, FUTHEY, P. J., delivering the following opinion:

"Under the decision of the Supreme Court in the case of the West Chester Gas Co. *v.* The County of Chester, 6 Casey 232, the real estate in question would not be taxable.

"The question presents itself, however, whether it is not made taxable by the provisions of the 1st and 2d sections of the 9th article of the Constitution of 1874, and the Act of Assembly of the 14th of May 1874, passed to carry out these provisions. The first section referred to provides that all taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the same, and shall be levied and collected under general laws, and then declares what property the General Assembly may, by general laws, exempt from taxation; and the 2d section declares that all laws exempting property from taxation

other than that thus enumerated shall be void.    The Act of Assembly enumerates what property shall be exempt, and then provides 'that all property, whether real or personal, other than that which is in actual use and occupation for the purposes aforesaid, and from which any income or revenue is derived shall be subject to taxation, except when exempted by law for state purposes, and nothing herein contained shall exempt the same therefrom.'

"The property in question is not embraced in either of the classes specified as exempt, and without more appearing is, under the terms of the proviso, subject to taxation.

"It is argued, however, that the principle settled in the series of cases commencing with the Lehigh Coal & Navigation Co. *v.* Northampton County, 8 W. & S. 334, on the subject of taxation of such property, still governs, notwithstanding the provisions of the Constitution and Act of 1874, and is not affected thereby; and, further, that inasmuch as the stock of the defendant is taxable, this real estate, which forms part of the stock, is not taxable.

"An examination of the line of authorities referred to, shows that the lands and property belonging to corporations held to be exempt from the payment of taxes, was not because they were purchased with its capital stock on which taxes were assessable.    In every case there was something in the nature of the corporation, or the character of its business, which entered into the decision. In some of the cases certain property was declared exempt from, and other property subject to, taxation, although both were purchased with the capital stock.    The principle seems to have been, that property, necessary for the enjoyment of the franchise, was declared not taxable, and that not necessary but simply convenient, taxable.    Thus in the Lackawanna Iron & Coal Co. *v.* The County of Luzerne, 6 Wright 424, it was held that the public works of a corporation used as such, with their necessary appurtenances, were exempt from taxation; but that houses, lands and other property held for its private purposes, even although purchased with its capital stock, were not exempt.    See also Railroad *v.* Berks County, 6 Barr 70; Wayne County *v.* The Canal Co., 3 Harris 351; Carbon Iron Co. *v.* Carbon County, 3 Wright 251.

"The reason of the decisions was that the legislature did not intend to tax the works necessary to carry on the operations of the corporations—that they were not subject to, or embraced within, the operation of the tax laws; and not because they formed part of the capital stock, for that, as is apparent, would have rendered all the real estate, in which they invested their capital, exempt: and the decisions, as we have seen, draw a distinction between that necessary and that simply convenient, holding the latter subject to taxation and the former not.    The property in question is not,

[Coatesville Gas Co. *v.* County of Chester.]

therefore, under the decisions, exempt because it was purchased, and the improvements thereon made, with a portion of the stock of the company.

" The question then recurs, what is the effect of the Act of Assembly of 1874, passed to carry out the provisions of the Constitution ? We are of the opinion that thereby all property, not specifically enumerated as exempt, and from which any income or revenue is derived, is made taxable for county purposes and embraced within the operations of the tax laws. It required no additional legislation to make it so. If not taxable, therefore, the act removed the barrier, and placed it in the same category as other property, and taxable under the general laws in operation. Such appears to us to be the plain and obvious intent of the act.

" If the effect of this is to subject certain property to double taxation because of the different shapes in which it is presented to the assessor, it is no more than has been upheld by the decisions referred to, with regard to real estate forming part of the capital stock of corporations, and yet declared taxable because not necessary to the operations of the corporation, while the stock thus invested was liable to taxation also. If this result should seem to be inequitable, the legislative power must correct the evil.

" We cannot say that this real estate, because purchased and improved with the stock of the company, should not be taxed, any more than we can say the stock itself should not be taxed because invested in this real estate.

" The question raised in this case is discussed in one of its aspects by the Supreme Court in the case of Chadwick *v.* Magines, 8 W. N. C. 451, and we simply carry to its legitimate conclusion the principles of that decision.

" Let judgment be entered for the plaintiff on the case stated for $19.20 with costs."

The defendant thereupon took this writ of error, assigning for error the entering judgment for the plaintiff on the case stated.

*R. Jones Monaghan,* for the plaintiff in error.—It was definitely settled that prior to the new Constitution and the Act of May 14th 1874, the real estate in question was not subject to a county tax : West Chester Gas Co. *v.* Chester Co., 6 Casey 232 ; Act of April 8th 1859, Pamph. L. 426 ; Northampton County *v.* Easton Gas Co., 1 Chester Co. Rep. 157. And it has been settled that the article of the new Constitution relating to uniform taxation did not *per se* change the existing law : Lehigh Iron Co. *v.* Lower Macungie Twp., 31 P. F. Smith 482. Nor did the Act of May 14th 1874, Pamph. L. 158, impose the tax here claimed. That statute is entitled " An act to *exempt* from taxation " certain property. The proviso says that other property " shall be subject to taxation," *i. e.,* that such property *may* be taxed, not that it is thereby taxed.

[Coatesville Gas Co. *v.* County of Chester.]

The proviso limits and qualifies the exemptions which were the principal object of the act. The title being "to exempt," a clause imposing a tax would be outside the title and therefore unconstitutional. Moreover, the tax would be unconstitutional on the ground that instead of being uniform taxation, it is double taxation, for the capital stock, which is in fact this real estate, already bears its due taxation for county purposes : County of Lackawanna *v.* First Nat. Bank of Scranton, 9 W. N. C. 549. The case is distinguished from Chadwick *v.* Magines, 8 W. N. C. 451. The real estate of the water-works in that case did not constitute the capital stock of a corporation, but was owned by individuals, and paid no taxes of any kind to the state.

*H. T. Fairlamb,* for defendant in error.—The proviso to the Act of 1874 subjects to taxation all property not expressly exempt, and especially any property "from which any income or revenue is derived." The case stated admits that the revenues of the plaintiff in error exceed the expenses, and that dividends are declared to the stockholders. This has been decided to be a test whether the public works of corporations are exempt from taxation : Chadwick *v.* Magines, 8 W. N. C. 451, and see German Society *v.* City of Philadelphia, 4 Id. 214.

There is no authority for the assertion that double taxation, as such, is unconstitutional. The legislature has as much power to tax twice as to tax once. Double taxation exists in many cases. Thus, the real estate of a corporation is taxable notwithstanding the corporation pays a tax on its dividends or its capital stock, or its corporate franchise : Kittanning Coal Co. *v.* Commonwealth, 29 P. F. Smith 100 ; Lehigh Iron Co. *v.* Lower Macungie Twp., 31 Id. 482 ; County of Dauphin *v.* Union Canal Co, 2 Pearson's Decisions 39, approved by this court, 3 Brewst. 124. We submit that Chadwick *v.* Magines, *supra*, rules this case.

Mr. Justice MERCUR delivered the opinion of the court, May 2d 1881.

The plaintiff in error is a corporation chartered by special Act of Assembly in 1868, with the right and authority to supply the borough of Coatesville and its vicinity with gaslight, but to be subject to and managed under the general Act of 1857 relating to gas companies. The corporation owns a lot of ground situate in the borough of Coatesville, on which are erected a brick building containing its furnaces, retorts and machinery for manufacturing gas, and its reservoir for retaining and distributing the same through pipes along the streets of said borough. This lot and the improvements are used only for the manufacturing and supplying of gas according to the corporate powers of the company, and they are necessary and indispensable therefor. The corporation is a stock company, and its revenues exceed its expenses, so that divi-

[Coatesville Gas Co. v. County of Chester.]

dends are declared to its stockholders. The lot described, with the improvements thereon, are a part of the capital stock of the corporation, and are wholly included within the same, and as such pay the usual state tax to the Commonwealth. The stock is owned by individuals who are liable to pay and do pay taxes thereon to the state and to the county of Chester.

The claim now is to also impose a county tax on the lot as real estate of the corporation. It is conceded that prior to the Constitution of 1874 the lot was not so chargeable, under authority of West Chester Gas Co. v. The County of Chester, 6 Casey 232. It is, however, contended that it is taxable as real estate under art. IX., sects. 1 and 2 of the present Constitution and the Act of May 14th 1874, passed to give effect thereto. It was held, in Lehigh Iron Co. v. Lower Macungie Township, 31 P. F. Smith 482, and in Indiana County v. Agricultural Society, 4 Norris 357, that these provisions of the Constitution do not execute themselves so as to repeal any existing laws providing for the assessment and collection of taxes. These sections, like many others, merely impose restrictions on future legislation, when it shall thereafter be enacted: Perkins v. Slack, 5 Norris 270; Commonwealth ex rel. Chase v. Harding, 6 Id. 343.

Conceding that this property of the corporation is liable to taxation under the Act of May 14th 1874, the question is in what manner. Is the object of that act to provide a mode of taxing, or to declare it shall not be exempt from taxation? We think the latter was its purpose. As we have already shown, this lot constitutes a part of the stock of the corporation, which already pays a tax thereon to the Commonwealth, and the owners of the stock pay taxes thereon to the county. We fail to discover anything in the act indicating an intention to impose double taxation on this lot. It is indispensably necessary to enable the corporation to execute the object or fulfil the purpose for which it was chartered. It was held, in Lehigh Coal & Nav. Co. v. Northampton County, 8 W. & S. 334, that the bed, berm-bank and tow-path of an incorporated canal were not taxable as land under the Act of 15th April 1834. Nor were the water-stations nor depots of a railroad corporation: Railroad v. Berks County, 6 Barr 70. Nor the toll-house of a canal company, so built as to be also occupied as the family residence of the collector; nor the reservoirs of the canal and the machinery for raising cars: Wayne County v. Del. & Hud. Canal Co., 3 Harris 351. Nor the works of an incorporated gas company: West Chester Gas Co. v. County of Chester, *supra*. Yet the Act of 1834 expressly made " all houses, lands, lots of ground, mills and manufactories of all descriptions," &c., liable to taxation.

The principle which appears to be recognised is that the public works of a corporation, used as such with their necessary appurtenances, shall be exempt from taxation as land, but be subject to it

1 OUTERBRIDGE—31

[Coatesville Gas Co. *v.* County of Chester.]

in another form, and that a gas company so far partakes of the nature of a corporation for public purposes as to be subject to the same rule: Northampton County *v.* Lehigh Coal & Nav. Co., 25 P. F. Smith 461; Same *v.* Easton Gas Co., not reported.

It was urged that this lot is taxable as real estate of the company for county purposes under authority of Chadwick *v.* Magines, 8 W. N. C. 451. The facts in that case were very different from those in this case. There, the corporation was not a stock company, and paid no taxes in any form to the state under the general corporation tax laws of the Commonwealth. It was an attempt to escape all taxation. As the specific property was not of the class which the Constitution or the statute exempted from all taxation it was properly held liable. It is true, some remarks of the judge who delivered the opinion would indicate additional reasons for the judgment, yet the fact of exemption from all other taxes is made prominent. It is there said, "surely it was never intended that such a corporation should be exempt from all taxation, while others are compelled to bear their share of the public burden."

In the present case, the corporation does bear such a share of the public burdens as the legislature has imposed on the class of corporations to which it belongs. We think the learned judge erred in entering judgment in favor of the defendant in error.

Judgment reversed, and judgment in favor of the plaintiff in error with full costs according to the case stated.