## Northampton County, Appellant, *v.* Easton Passenger Railway Co.

*Taxation—Corporations—Property incident to exercise of corporate functions.*

The property of canal and railroads companies, and other quasi public corporations, necessary for the exercise of their several franchises, as depots, toll houses and water stations, is not taxable for local purposes. The reason for this exemption is that these things enter into the very composition of the works of these corporations and are essential to the exercise of their corporate functions, and for this reason are taxed by the state as included in the capital of the said corporation.

*Case stated—Facts agreed upon—Court will not go outside the agreement.*
In an action by a county to recover taxes against a street railway com-

pany, the case stated agreed upon, declared " that the said lot and stables and the said horses, cars and vehicles are used only in and about the business of conveying passengers and produce, according to the defendant's corporate powers, and that they are appurtenant, necessary and indispensable therefor."

*Held,* That the court will not go outside of the case stated, and that this agreement therein as to the facts clearly brings the case within the principle above stated.

*Query,* whether apart from the above agreement, such property would be held to be exempt.

Argued March 10, 1892. Appeal, No. 292, Jan. T., 1892, by plaintiff, from judgment of C. P. Northampton Co., Feb. T., 1889, No. 49, for defendant, on case stated. Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and HEYDRICK, JJ.

Case stated in the nature of a special verdict for recovery of county taxes.

From the case stated it appeared that defendant's lot and stables, horses, cars and vehicles, had been assessed for county purposes and a tax thereon, amounting to $16.72, had been levied. It was " agreed that the said lot and stables and the said horses, cars and vehicles are used only in and about the business of conveying passengers and produce, according to the defendant's corporate powers, and that they are appurtenant, necessary and indispensable therefor. It is further agreed that the lot aforesaid, with the improvements and also the horses, cars and other vehicles, are a part of the capital stock of the corporation, defendant, and are wholly included in the same, and as such pay the usual state tax to the commonwealth. The stock of the corporation defendant is owned by individuals, who are liable to and pay tax thereon to the said county plaintiff."

The court REEDER, J., entered judgment for the defendant. Plaintiff appealed.

*Error assigned* was the entry of judgment for defendant.

*George W. Geiser,* for appellant.—Only property indispensable to the construction and operation of a railway is exempt from taxation for local purposes. Property of the character of that sought to be taxed in this case is liable : Railroad v. Berks Co., 6 Pa. 70 ; Wayne County v. Canal Co., 15 Pa. 351 ; Erie County v. Transportation Co., 87 Pa. 434.

*Frank Reeder*, *Frederick Green* with him, for appellee.

PER CURIAM, March 28, 1892:

Were we to go outside of the case stated, we might find some difficulty in affirming this judgment. But it is there expressly agreed " that the said lot and stables, and the said horses, cars and vehicles are used only in and about the business of conveying passengers and produce, according to the defendant's corporate powers, and that they are appurtenant, necessary and indispensable therefor." This agreement, in regard to the facts, clearly brings the case within the ruling in West Chester Gas Company v. The County of Chester, 30 Pa. 232; The County of Erie v. The Western Transportation Company, 87 Pa. 434; and the Coatesville Gas Company v. The County of Chester, 97 Pa. 476, in which it was held that the property of canal and railroad companies, and other quasi public corporations, necessary for the exercise of their several franchises, as depots, toll houses and water stations, is not taxable for local purposes. The reason given for this exemption is, that these things enter into the very composition of the works of these corporations, and without which they could not exercise their corporate functions.

We need not pursue the subject further. Under the facts as agreed upon, the plaintiff has no case.

Judgment affirmed.