## The City of Chester v. The Chester Traction Company, Appellant.

*Municipal law—Ordinances.*

All municipal ordinances must be reasonable; when unreasonable they are void.

*Municipal law—Unreasonable ordinance—Street railways.*

An ordinance, requiring every street railway company using any street to cause the same to be sprinkled, for the distance of three feet six inches, each way, from the center of the railway track, so that no dust will be raised by a passing car on said tracks, and providing for a penalty of $25.00 for each breach of its provisions; $25.00 a day for a continued violation, and investing the municipality with power to stop the running of the cars in default of payment of the penalty, is unreasonable and void.

Argued Nov. 17, 1896. Appeal, No. 31, Nov. T., 1896, by defendants, from judgment of C. P. Delaware Co., Sept. T., 1895, No. 227 in favor of plaintiff on case stated. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Reversed.

Case stated. Before CLAYTON, P. J.

The facts are sufficiently indicated by the opinion of the court.

Judgment entered on case stated in favor of the plaintiff for $100. Defendant appealed.

*Error assigned* was entry of judgment on case stated in favor of plaintiff.

*W. B. Broomall*, for appellant.

*A. A. Cochran*, for appellee.—Under the Act of May 14, 1889, P. L. 211, no street passenger railway can be constructed within

the limits of any city without the consent of its local authorities. This act provides that such company shall be subject to reasonable regulations for the protection of public travel on any street so occupied as shall be required by any municipality.

A railway company accepting a grant accepts the special privileges upon the implied condition that it holds them subject to a reasonable and necessary exercise of the general powers of the municipality: Railroad Co. v. Phila., 9 Phila. 563.

A railroad company can be compelled to erect safety gates and provide watchmen at streets which the tracks of the railroad cross: Borough v. Canal Co., 1 Dist. Rep. 701.

In the exercise of the police power the municipality can regulate the speed of trains: Penna. Co. v. James, 81* Pa. 194.

A railroad company may be required by ordinance to remove snow and to reduce it upon the adjacent roadway to such a level as to make it convenient for all travel: Railroad v. Mayor, 49 Hun, 126.

The city of Chester had the right to expect the defendant company to aid in the improvement of its streets: Pittsburg v. Railway Co., 80 Pa. 72.

And under its police power and authority over streets, a municipality may require street railway companies to keep their tracks well watered: Railway Co. v. Savannah, 77 Ga. 731; 2 Dillon on Municipal Corporations, 866.

A railway company is bound to keep pace with the progress of the age: Phila. v. Railway, 143 Pa. 444.

The limit to the exercise of the police power in these cases must be that such regulations have reference to the comfort, safety or welfare of society: Cooley, Constitutional Limitations (6th ed.), 710.

OPINION BY WICKHAM, J., April 26, 1897:

It appears, by the case stated, that the appellant company is a corporation duly organized and operating under the Act of March 22, 1887, P. L. 8, which provides for the incorporation and regulation of motor power companies, for operating passenger railways, by cables, electrical, or other means. It occupies and uses certain avenues and streets in Chester, a city of the third class, and as is set forth in the statement of facts, agreed on and filed, its cars "while passing along the above mentioned

streets and avenues raise dust, which is collected upon the said streets, into the air, producing inconvenience and discomfort to persons passing along the said highways and to persons occupying residences bounding thereon."

For the purpose of preventing such inconvenience and discomfort, the city authorities enacted an ordinance, requiring every street railway company using any street, to cause the same to be sprinkled, for the distance of three feet six inches, each way, from the center of the railway track, "so that no dust will be raised by a passing car on said tracks." The ordinance provides a penalty of $25.00 for each breach of its provisions and $25.00 per day for a continued violation. It is further ordained, that if the offending company shall fail to pay the penalties imposed, the proper officers of the city shall have power to stop the running of all cars operated by such company.

The question presented for our decision is, whether, under the circumstances of this case, the ordinance, above briefly epitomized, is a reasonable exercise of power on the part of the city of Chester. That portion of it which authorizes the stoppage of the cars for the failure to pay penalties is so clearly unreasonable and oppressive as to be void, beyond all controversy: City of Harrisburg v. Passenger Ry. Co., 1 Pearson, 298. To enforce it would amount to a forfeiture of the rights and franchises of the appellant and practical destruction of its property. As well might the city direct the tearing down of one's house or the confiscation of all his estate, for inability or refusal to pay a fine, imposed for violating a municipal by-law.

But as the ordinance may stand without the provision we have just considered, we cannot stop here. A little thought will show that the burden imposed by this regulation is much greater than at a first view may appear. It is as operative in midwinter as in midsummer. Oftentimes there occur in our climate, in December, January and February, successive periods, each consisting of many days during which, although the temperature may be far below the freezing point, the dust on largely traveled city streets is almost as annoying as it usually is in July and August. The sprinkling of a seven foot strip, without more, and there is nothing to indicate that the city intends to sprinkle the rest of the street, would have to be frequently repeated, day and night, in order that "no dust" would be

raised. The water, at the times mentioned, would freeze as fast as it was showered on the street, the winds, including the suction created by the moving cars, would quickly bring another coating of dust, requiring another sprinkling. How long would it be before ice would form to such an extent, in the middle of the highway, as to make the company liable to indictment for causing and maintaining a dangerous nuisance? The ordinance requires so much, and its enforcement at certain times of the year would produce such results, that, on these grounds, we deem it unreasonable and therefore void.

We refrain from deciding whether or not an ordinance requiring sprinkling by a street railway company at proper times and seasons, and making due allowance for scarcity of water in cases when and where such scarcity might exist, would be a valid exercise of authority by a municipality possessing no greater or other powers than those shown to be vested in the appellee here. It is proper, however, to say that, after an examination of all the authorities cited, as well as others not called to our attention by counsel, the right of the appellee to pass even such an ordinance as the one last mentioned is not free from doubt. But, on this point, we express no binding opinion.

It is well to mention in this connection, that in the case stated there is an absence of facts which might have an important bearing on our decision, if we were to pass on the above question. For instance, the length of the appellant's tracks; the width of the streets occupied; the width of the driveways; whether or not they are paved, and, if so, in what manner; to what extent the tracks are laid through closely built-up parts of the city, and how far, if at all, they extend through the thinly settled portions; and the cost and ease or difficulty of obtaining an adequate water supply, are all matters which should have been set forth, but concerning which the record is entirely silent. In preparing a case stated, it is better to err by incorporating too many facts than too few. The court cannot add to the facts agreed on, and therefore great care should be exercised to clearly and fully set forth everything that may be necessary to a fair and intelligent consideration of the case.

The judgment of the court below is reversed, and judgment is now entered, on the case stated, in favor of the appellant, with costs.