## Andrus *v.* Shippen Township, Appellant.

*Road law—Road master—Compensation for use of team—Supervisors—Public officers.*

A road master appointed under the provisions of the Act of April 12, 1905, P. L. 142, is not entitled to compensation for the use of his team in repairing roads in his district, where it does not appear that the supervisors had engaged the use of the team, or in any way authorized its employment, or that they even knew that it was in use.

*Practice, C. P.—Case stated—Facts stated.*

The judgment of the court on a case stated must be on facts agreed upon, and it will not go outside of the case stated by assuming that which is not agreed to by the litigants.

Argued Feb. 25, 1908. Appeal, No. 10, March T., 1908, by defendant, from judgment of. C. P. Cameron Co., July T., 1907, No. 2, on case stated in suit of Jacob Andrus v. Shippen Township. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and HEAD, JJ. Reversed.

Case stated to determine liability for use of team in repairing roads. Before HALL, P. J.

The case stated was in part as follows:

Jacob Andrus, the plaintiff above named, is one of the road masters employed by the road supervisors of the said township of Shippen, defendant, under the provisions of an act. entitled: 'An Act providing for the election and appointment of road, supervisors in the several townships, &c.," approved April 12, 1905.

The said Jacob Andrus worked his team of horses upon the public roads of said township, in the district for which he was

employed as road master, on April 30, May 1 and 2, 1907; that the work done by his said team was necessary to keep the said roads in repair, and that the sum of $4.00 per day is a fair price for the work done by his said team; that the supervisors of the said township of Shippen have refused to pay him for the said work of his team on the ground that a road master is not entitled to compensation for the services of his team on the roads of the district in which he is employed as such.

The court entered judgment for plaintiff.

*Error assigned* was in entering judgment for plaintiff on the case stated.

*J. P. McNarney*, of *Johnson & McNarney*, for appellant.— The case stated contains no agreement that there was a hiring of plaintiff's team, and the court erred in assuming such hiring: Frailey v. American Legion of Honor, 132 Pa. 578; Northampton County v. Easton Passenger Ry. Co., 148 Pa. 282; Chester City v. Traction Co., 4 Pa. Superior Ct. 575.

There having been no hiring by the supervisors of the team of the plaintiff, the fact that the township may have received the benefit of the work of the plaintiff's team does not make the township liable: Appeal of Harrison Twp., 20 Pa. C. C. Rep. 54; Anderson v. Hamilton Twp., 25 Pa. 75.

Our position is that sec. 66 of the Act of March 31, 1860, P. L. 382, prohibits such employment and compensation therefor, and that such employment and compensation is against public policy: Com. v. Witman, 217 Pa. 411.

A road master is an officer of the township: Com. v. Sutherland, 3 S. & R. 145; Riddle v. Bedford County, 7 S. & R. 386.

An employment which is defined by law and not by contract is an office: Shelby v. Alcorn, 36 Miss. 273; Houseman v. Com., 100 Pa. 222.

No argument nor printed brief for appellee.

OPINION BY HENDERSON, J., April 20, 1908:

The plaintiff was a roadmaster appointed under the provisions of the Act of April 12, 1905, P. L. 142. He used his

team for three days in the spring of 1907 in repairing roads in his district and upon the refusal of the supervisors to allow him compensation for the use of his team an amicable action was entered into to determine his right. It is not set forth in the case stated that the supervisors engaged the use of his team or in any way authorized its employment, nor that they even knew it was in use. The judgment of the court must be based upon facts agreed upon and it will not go outside of the case stated by assuming that which is not agreed to by the litigants: Northampton County v. Railway Co., 148 Pa. 282; Chester City v. Traction Co., 4 Pa. Superior Ct. 575. The only foundation for the plaintiff's claim must be therefore an assumpsit on a quantum meruit. But the township cannot be made liable for such a claim. The roadmaster had no authority to engage teams or to employ laborers. That duty is expressly cast upon the supervisors by the statute. The duty of the roadmaster is defined in the third section to be "to work on the roads himself and see that the work done on the roads in his district or division is in accordance with the plans and specifications furnished him by the Road Supervisors, to oversee the men employed while at work on the roads, and keep the time of each man working under him and report under oath to the Road Supervisors as often as they require." He is merely the agent of the supervisors to give attention to the prosecution of the road-work in his district and to see that the laborers render faithful service and that the plans of the supervisors are carried out. The voluntary act of a person in providing a team to work on the road without request does not give a right of action against the township; not even where the work was beneficial to the township and necessary to the proper reparation of the road. They who seek to recover for such services must show the authority of the supervisors. The practice which would permit volunteers to expend labor or money in the construction or repair of roads without the direction of the supervisors might lead to great abuse and could not be tolerated: Anderson v. Hamilton Twp., 25 Pa. 75. It follows that as there was no employment of the plaintiff's team by the supervisors

there was no contract, and without a contract the township is not liable.

It was contended further at the argument that the plaintiff's action could not be maintained even if a contract existed because he is a municipal officer and is forbidden by the sixty-sixth section of the Act of March 31, 1860, P. L. 382, from furnishing any supplies or materials to the township of which he is an officer. It is not necessary to consider this aspect of the case for the plaintiff's action must fail for the reasons above stated.

The judgment is reversed and judgment is now entered for the defendant.