## Commonwealth ex rel. Weimer v. Caldwell.

*Borough law — Organization meeting of council — Burgess to preside — Offices to be filled — Policeman — Chief of police — Quo warranto — Act of May 14, 1915.*

1. The words "such other officers as it may require," in section 1, art. i, chap. vii, of the General Borough Act of May 14, 1915, P. L. 312, mean such other officers as, by law and by borough ordinance, are required to be elected at the organization meeting, i. e., the president and secretary of council.

2. The burgess presides over the organization meeting of council, but has no vote, unless the vote thereof be equally divided.

3. The General Borough Act of 1915 does not require that a policeman be elected at the organization meeting.

4. A borough, in order to elect a policeman and require the office to be filled at the organization meeting, must have an ordinance creating this office and fixing the salary.

5. Where a chief of police was voted for and elected at the organization meeting of a borough, the deciding vote being cast by the burgess: *Held*, that the election was illegal, and the defendant was unlawfully holding and exercising the office.

*Practice, C. P.—Case stated—All facts to be set out.*

6. A case stated is presumed to contain the whole case, and the court is confined to the facts agreed upon.

*Quo warranto.* Case stated. C. P. Cambria Co., March T., 1922.

*D. P. Weimer*, District Attorney, for Commonwealth.

*Frank P. Barnhart*, for defendant.

EVANS, P. J., Feb. 13, 1922.—At the organization meeting of the Borough Council of Nanty-Glo, in this county, held on the first Monday of January, 1922, and presided over by the burgess of said borough, Harry Carnahan, a chief of police was voted for. Three of the councilmen voted for David Caldwell and three voted for S. A. Campbell. The total number of councilmen is six. Whereupon, there being a tie vote, the burgess cast a vote for said David Caldwell and declared him elected. The question of the legality of the election of said David Caldwell is raised, and in this case stated it is agreed that if the court be of the opinion that said David Caldwell was not legally elected chief of police of said borough, then judgment shall be entered "in favor of the plaintiff, and to adjudge that the defendant is unlawfully holding and exercising the office and power of Chief of Police of the said Borough of

Nanty-Glo by reason of the aforesaid vote;" but if the court be of the opinion that the said David Caldwell was legally elected chief of police of said borough, then "to enter judgment in favor of the defendant, and to adjudge that the defendant is lawfully holding and exercising the office and powers of Chief of Police of the said Borough of Nanty-Glo by reason of the aforesaid vote."

The General Borough Act of 1915 provides in chapter VII, art. I, § 1, *inter alia*, as follows: "The borough council shall organize at 8 o'clock post meridian on the first Monday of January, 1916, and biennially thereafter, *by electing a president and secretary and such other officers as it may require.*"

Section 3 of the same chapter and article pr.vides as follows: "The burgess shall preside over the organization meeting of the council, but he shall not vote thereat, unless the vote of the council be equally divided."

The only right given the burgess to vote at any council meeting is contained in the above quoted section 3, and the only officers for which he may vote are those designated in section 1.

The words in section 1, to wit, "And such other officers as it may require," mean such other officers as by law and by borough ordinances are required to be elected at that time.

The provisions of the law as to borough officers to be selected by the council are in substance as follows:

Chapter VII, art. I, § 1, provides for a president and secretary of council to be elected at its organization meeting.

Chapter VII, art. I, par. VII, provides for a treasurer to be appointed, but does not indicate when this shall be done. It also provides that council may appoint a solicitor, one or two street commissioners, and such other officers as it shall deem necessary, but fixes no time for their selection.

Chapter VII, art. VI, § 7, provides that on the first Monday of January, or within thirty days thereafter, of each even-numbered year council may appoint one or two persons as street commissioners.

Chapter VII, art. VI, § 9, provides that a solicitor may be elected on the first Monday of January in any even-numbered year, or as soon thereafter as practicable, *by a majority vote of the members of council.*

Chapter VII, art. VI, § 14, provides that borough councils may appoint and remove one or more suitable persons, citizens of this Commonwealth, as borough policemen, and in section 17 it is provided that the salary of the policemen must be fixed by ordinance.

It clearly appears that the law does not require the council to elect a street commissioner, solicitor or policeman. There are no such offices that are required by law to be filled at this organization meeting.

It is true that the borough council could, by ordinance, create these offices and provide that they should be filled at the organization meeting, but even then the solicitor would have to be elected by a majority of the members of council. All boroughs do not have a policeman, and in order to create this office and require it to be filled at the organization meeting, an ordinance must have been passed creating this office and fixing the salary.

The case stated contains no agreement of fact showing that the borough has such an ordinance.

A case stated is presumed to contain the whole case, and the court is confined to the facts agreed upon: Northampton County v. Easton Passenger Ry. Co., 148 Pa. 282; Phila. & Reading Ry. Co. v. Waterman, 54 Pa. 337.

However, in order that no injustice might be done, we have inquired of counsel for the Borough of Nanty-Glo and learn that it has no ordinance

2 D. & C.

providing for the office of policeman or chief of police, and fixing the time of his appointment or election and fixing the salary.

We are of the opinion that there being no provision in the law or in any ordinance of the Borough of Nanty-Glo providing for the office of policeman or chief of police to be elected at the organization meeting of the borough council, the election of David Caldwell, Chief of Police of Nanty-Glo Borough, by the vote of the burgess was illegal, and, therefore, enter the following decree, to wit:

And now, Feb. 13, 1922, judgment entered for the plaintiff, and it is adjudged that the defendant is unlawfully holding and exercising the office of Chief of Police of the Borough of Nanty-Glo.

From H. W. Storey, Jr., Johnstown, Pa.