# Conoy Township Supervisors, Appellant, *v.* York Haven Electric Power Plant Company.

222     319
138SC    2531

*Taxation—Alterations—Quasi public corporations—Real estate—Local taxation—Water and power companies.*

The real estate of a public or quasi public corporation, essential to the exercise of its corporate franchises, is not subject to local taxation in the absence of legislative authority imposing such taxes.

The words "real estate" in the taxing statutes of this state, do not include lands or appurtenances essential and necessary to the exercise of the franchise of a public corporation.

The test as to whether a corporation is or is not a quasi public corporation is not what the corporation has done, or what it may attempt to do, but what it is authorized to do, and may be compelled to do, under its charter in the performance of duties imposed thereby.

A corporation chartered "for the purpose of supplying water and power to the public and to firms, individuals and corporations," in a district named, is a quasi public corporation exempt from local taxation on its real estate.

It is the settled policy of the law in Pennsylvania to tax the real estate of quasi public corporations, except those exempted from such taxation by statute, by including the value thereof in the assessment of the capital stock.

Argued June 2, 1908. Appeal, No. 70, Jan. T., 1908, by plaintiff, from judgment of C. P. Luzerne Co., Nov. T., 1905, No. 88, for defendant non obstante veredicto in case of Conoy Township Supervisors v. York Haven Electric Power Plant Company or York Haven Water & Power Company, owners or reputed owners. Before Mitchell, C. J., Fell, Brown, Mestrezat, Potter, Elkin and Stewart, JJ. Affirmed.

Scire facias sur tax lien. Before Hassler, J.

The opinion of the Supreme Court states the case.

At the trial the jury returned a verdict for plaintiff for $1,875. Subsequently the court entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*Bernard J. Myers*, with him *Wm. R. Brinton*, for appellant. —The following cases clearly set forth the difference between private corporations, to which class we allege the York Haven Water & Power Company belongs, and quasi public or public service corporations: Carbon Iron Co. v. Carbon County, 39 Pa. 251; South. Reading Market House Co. v. Berks County, 11 W. N. C. 424; Allegheny County v. McKeesport Diamond Market, 123 Pa. 164; Miners' Ditch Co. v. Zellerbach, 37 Cal. 543; Scranton v. Light & Power Co., 8 Pa. C. C. Rep. 626; Bonaparte v. R. R. Co., 1 Baldwin (U. S.), 205; Twelfth St. Market Co. v. R. R. Co., 142 Pa. 580; McLeod v. Normal School Assn., 152 Pa. 575.

The following Pennsylvania corporations have been held liable to pay state tax on their capital stock, as well as local taxes on their property, and actually do pay both classes of taxes, to wit: market companies, real estate companies, hotel companies, printing companies, publishing companies, drove yard companies, opera house companies, grain elevator companies, stable and livery companies, storage companies, brewing and distilling companies, mercantile and many other classes of incorporations.

The general trend of the decisions in this and other states is against the further exemption of property of corporations from local taxation: Philadelphia v. Traction Co., 208 Pa. 157; People v. Cassity, 2 Lans. (N. Y.) 294; Middlesex Railroad Co. v. Charlestown, 90 Mass. 330; Providence Gas Co. v. Thurber, 2 R. I. 15; Louisville City Ry. Co. v. Louisville, 4 Bush (Ky.), 478; Des Moines Water Co.'s App., 48 Iowa, 324; City of St. Joseph v. Hannibal, etc., R. R. Co., 39 Mo. 476.

*W. U. Hensel*, for appellee.—A water and water power company, incorporated to supply water and water power to the general public under the Acts of June 10, 1893, P. L. 412, and of July 2, 1895, P. L. 425, belongs to that class of quasi public corporations which the courts of Pennsylvania have uniformly held to be exempt from local taxation: Brown v. Radnor Twp. Electric Light Co., 208 Pa. 453; Southern Electric Light & Power Co. v. Philadelphia, 191 Pa. 170;

Scranton v. Scranton Electric Light & Power Co., 8 Pa. C. C. Rep. 626; Philadelphia v. Traction Co., 208 Pa. 157; Coatesville Gas Co. v. Chester Co., 97 Pa. 476; Lehigh Coal & Nav. Co. v. Northampton County, 8 W. & S. 334; Wayne County v. Del. & Hudson Canal Co., 15 Pa. 351; R. R. Co. v. Berks County, 6 Pa. 70; West Chester Gas Co. v. Chester County, 30 Pa. 232; Roaring Creek Water Co. v. Northumberland County, 6 Pa. C. C. Rep. 473; Northampton County v. Easton Pass. Ry. Co., 148 Pa. 282; People's Pass. Ry. Co. v. Taylor, 22 Pa. Superior Ct. 156; Lancaster v. Edison Elec. Illuminating Co., 8 Pa. C. C. Rep. 631; Pittsburg's Appeal, 123 Pa. 374; St. Mary's Gas Company v. Elk County, 191 Pa. 458.

*Bernard J. Myers*, with him *Wm. R. Brinton*, for appellant, in reply, cited: Sowego Water & Power Co., 16 Pa. C. C. Rep. 179; Portland Water & Power Co., 13 Pa. Dist. Rep. 659; Peifly v. Mountain Water Supply Co., 214 Pa. 340.

OPINION BY MR. JUSTICE ELKIN, November 2, 1908:

It has been uniformly held in Pennsylvania, that the real estate of a public, or quasi public, corporation, essential to the exercise of its corporate franchises is not subject to local taxation in the absence of legislative authority imposing such taxes. The power to tax necessarily includes the power to sell for nonpayment of taxes, and thus the property of a public corporation, without which it could not perform its duties to the public, could be sold piecemeal and the corporate purpose be defeated by divesting the title to certain portions of the real estate against which tax liens were filed. Again, many quasi public corporations extend into and through different municipalities, and as a question of public policy, it has not been deemed wise to subject them to the exactions of the taxing officer at every municipal division line, but rather to authorize the commonwealth to impose a capital stock tax upon such corporations, and in appraising the same for the purpose of taxation, the real estate, franchises, earning power, dividends and all other matters which affect the value thereof, must be taken into consideration. In this manner the real estate of a quasi public

corporation is taxed, and while the tax goes directly to the state in the first instance, cities, boroughs, townships, school districts and other municipal divisions receive the benefits of such taxation by appropriations made to the public schools, to hospitals, to eleemosynary institutions and to charities of different kinds located throughout the state. But without further discussion of the policy of the law, which is the foundation of the rule, it is settled in this state that the words "real estate" in our taxing statutes do not include lands or appurtenances essential and necessary to the exercise of the franchise of a public corporation: Lehigh Coal & Navigation Company v. Northampton County, 8 W. & S. 334; Railroad Co. v. Berks County, 6 Pa. 70; Schuylkill Navigation Co. v. Berks County, 11 Pa. 202; Wayne County v. Canal Co., 15 Pa. 351; Railroad Co. v. Sabin, 26 Pa. 242; West Chester Gas Co. v. Chester County, 30 Pa. 232; Coatesville Gas Co. v. Chester County, 97 Pa. 476; Pittsburg's Appeal, 123 Pa. 374; Roaring Creek Water Co. v. Girton, 142 Pa. 92; Northampton County v. Easton Pass. Railway Co., 148 Pa. 282; Spring Brook Water Co. v. Kelly, 17 Pa. Superior Ct. 347; St. Mary's Gas Co. v. Elk County, 191 Pa. 458; Southern Electric Light & Power Co. v. Phila., 191 Pa. 170; Philadelphia v. Electric Traction Co., 208 Pa. 157.

These and other similar cases hold that the real estate of turnpike, navigation, canal, railroad, street railway, artificial and natural gas, water and electric light and power companies, essential and necessary to the exercise of their corporate franchises, is not subject to taxation for local purposes. The only question in the present case is whether appellee is a quasi public corporation within the meaning of the law, so as to entitle it to exemption from local taxation.

The learned court below so held and, after careful consideration, we have reached the same conclusion. If companies incorporated to supply water, electricity and light to the public, are exempt from local taxation, under the rule hereinbefore mentioned, it is difficult to see why a company incorporated for the express purpose of supplying water and power should occupy a different position. So far as the power of taxation is involved, there is no difference in principle between a company

incorporated to supply water, or electricity to the public, and one incorporated to supply both water and water power, which produces electricity for the same purpose. The test in such cases is not what the corporation has done, or what it may attempt to do, but what it is authorized to do, and may be compelled to do, under its charter in the performance of the duties imposed thereby.

Measured by this standard, and there is no other, there can be no doubt about the purpose for which the appellee company was incorporated, nor about what duties to the public it may be compelled to perform. The York Haven Water & Power Company was created under the general corporation act of 1874, and the several supplements thereto. It does not appear in the application for the charter, nor in the letters patent, what particular supplemental statutes it claims the benefit of, but it is specifically stated that the corporation is formed "for the purpose of supplying water and power to the public and to firms, individuals and corporations in the borough of York Haven, York County, Pennsylvania, and the territory adjacent thereto."

A corporation organized for the purpose of supplying water to the public has been held to be a quasi public corporation, and it has also been decided that a corporation created for the supply, storage and transportation of water and water power for commercial and manufacturing purposes, is a quasi public corporation. It would therefore seem to necessarily follow that a corporation possessing the power to do both of these things is no less a quasi public corporation. Indeed the argument would seem to be in favor of the company enjoying the greater power. It is argued, however, that the appellee company does not supply water or power to the public and firms and individuals and corporations in the borough of York Haven, and that what it attempts to do cannot in any sense be considered to be a service to the public, or that the public has a right to compel the performance of any duty to it. The answer to this contention is that the powers, privileges and duties of a corporation are fixed by its charter, and in a legal proceeding must be determined by the requirements of the charter, and in a case involving the

right to impose a tax, the question whether or not such corporation may be exceeding its corporate powers or has failed to perform duties owed to the public, cannot be raised and determined. In this proceeding the question of whether the appellee is a quasi public corporation must be determined by the powers granted in the charter and not by evidence dehors the record tending to show that the corporation may be engaged in business not of a public character. If the corporation is exceeding its corporate powers, the commonwealth alone, at the suggestion of the attorney general, has the right to raise that question. Clearly, however, under the recent case of Jacobs v. Clearview Water Supply Company, 220 Pa. 388, a company incorporated for the purpose of supplying water and water power for commercial and manufacturing purposes, as well as a company supplying water to the public for domestic purposes, is a public corporation.

This case has been exceptionally well prepared and very ably argued by counsel on both sides. The learned counsel for appellant have made an exhaustive examination of the statutes and decisions relating to the subject, and if we did not consider it a departure from the settled policy of law, much that has been said in behalf of appellant would appeal to us with great force. However, in a long and unbroken line of cases extending back for a period of more than eighty years, it has been the policy of the law to tax the real estate of quasi public corporations, except those exempted from such taxation by statute, by including the value thereof in the assessment of the capital stock, and we are not convinced that a distinction can be made in the case at bar without making a departure from what must be considered the settled rule in such cases.

Assignments of error overruled and judgment affirmed.