Pittsburgh Joint Stock Yards Company, Appellant, *v.* Board of Property Assessment, Appeals and Review of Allegheny County et al.

Argued September 28, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Samuel W. Pringle,* with him *Dalzell, McFall, Pringle & Bredin,* for appellant.

*N. R. Criss,* Solicitor, School District of Pittsburgh, and *Anne X. Alpern,* Solicitor, City of Pittsburgh, with them *Bennett R. Rodgers,* Assistant City Solicitor, *John J. O'Connell,* Solicitor, County of Allegheny and *Frank Butler,* Assistant County Solicitor, for appellees.

OPINION BY MR. JUSTICE PATTERSON, November 26, 1945:

Pittsburgh Joint Stock Yards Company, appellant, took an appeal to the court below from tax assessments upon its land and buildings by the Board of Property Assessment of Allegheny County, the City of Pittsburgh, and the School District of Pittsburgh, appellees, alleging that (1) it was a quasi-public corporation and its property exempt from local taxation, said property being indispensably necessary for the carrying on of its corporate purposes; and (2) the property having been leased to the Pennsylvania Railroad and the Baltimore and Ohio Railroad, public corporations whose property was exempt from local taxation, it cannot be held liable for the assessments merely because it continues to be the registered title holder. This appeal is from the decree of the court below dismissing said appeal and sustaining the assessments.

Pittsburgh Joint Stock Yards Company, appellant, is a Pennsylvania corporation and owner of the 12.159 acres of land situate on Herr's Island, Pittsburgh, Allegheny County, and assessed for local taxes. It has numerous buildings erected thereon and is chartered to engage, inter alia, in the conduct of a general stockyard business. The property is leased to the Pennsylvania and Baltimore and Ohio railroads. All of its corporate outstanding stock is owned by the Pennsylvania Railroad Company. The stock yard is operated by said railroads, and actual handling of cars in and out, and all switching movements are done by the Pennsylvania Railroad. The unloading of livestock consigned to Pittsburgh and loading of outbound shipments of livestock

is done by appellant, as agent for the carriers. Tariffs of the Pennsylvania Railroad make loading and unloading services performed by appellant part of the railroad's contract with the shippers or consignees. It is the only public stock yard in Pittsburgh accessible to railroads. The Interstate Commerce Commission has held that appellant is a common carrier by railroad with respect to the transportation services of loading and unloading livestock and, as such, is subject to the Interstate Commerce Act. It is also subject to the Carriers Taxing Act of 1937 and its employees are not subject to the Pennsylvania State Unemployment Compensation Act.

Exemption from taxation granted to public service corporations is founded in public policy. "It has been uniformly held in Pennsylvania, that the real estate of a public, or quasi public, corporation, essential to the exercise of its corporate franchises is not subject to local taxation in the absence of legislative authority imposing such taxes. The power to tax necessarily includes the power to sell for nonpayment of taxes, and thus the property of a public corporation, without which it could not perform its duties to the public, could be sold piecemeal and the corporate purpose be defeated by divesting the title to certain portions of the real estate against which tax liens were filed": *Conoy Township Supervisors v. York Haven Company*, 222 Pa. 319, 321. See *Philadelphia Rural Transit Company v. Philadelphia et al.*, 309 Pa. 84.

The court below properly held appellant was not a public service corporation entitled to exemption from taxation. What constitutes such corporation has been considered at length in *Philadelphia Rural Transit Company v. Philadelphia et al.*, supra. The services performed by appellant are not "essentially necessary." Its charter is that of an ordinary business corporation and it is engaged in purely competitive business for profit. That its activities are subject to control by the Pennsyl-

vania Public Utility Commission or the Interstate Commerce Commission cannot operate to exempt it from local taxation. Cf. *Pittsburgh & Lake Erie R. R. Co. v. Allegheny County,* 283 Pa. 220. Appellants' obligation to pay the taxes assessed cannot be removed merely because it deems a lease of the property to railroads profitable.

*A. D. Graham & Company, Inc., v. Pennsylvania Turnpike Commission,* 347 Pa. 622, does not control this case. The statement therein made that "it is established in Pennsylvania that the property of a railroad company which is necessary for the exercise of its public franchise is exempt from local taxation" is not applicable here. The taxes here involved are upon appellant's property, not upon property of the railroads. In *Pittsburgh, Allegheny & McKees Rocks Railway Company v. Township of Stowe,* 252 Pa. 149, the Court properly held that property of the railroad, essential and indispensably necessary to the operation of said railroad as a common carrier, could not be properly taxed. That case is inapposite here where it is not the property of the common carrier on which the tax is levied, but the property of an independent stock yard company, not a quasi-public corporation.

To sustain appellant's contention would be to hold that property becomes exempt for local taxation when the owner, for a valuable consideration, leases the same to a public corporation for use in the operation of its business. Distinction must be made between the case where property of one entitled to tax exemption is partly exempt and partly taxable depending upon the use to which it is put, and where, as here, the exemption is claimed by one not within the class entitled to any exemption. See *Pittsburgh School District v. Allegheny County,* 347 Pa. 101; *Young Men's Christian Association of Germantown v. Philadelphia,* 323 Pa. 401; *Ivy Hill Cemetery Company's Appeal,* 120 Pa. Superior Ct. 340.

The court below properly held appellant's property to be taxable. The order appealed from is affirmed. Costs to be paid by appellant.