Longvue Disposal Corporation *v.* Board of Property Assessment, Appeals and Review, Appellant.

Argued November 13, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and GUNTHER, JJ. (ARNOLD, J., absent).

*Leonard Boreman,* Special Counsel, with him *Nathaniel K. Beck,* County Solicitor and *John G. Brosky,* Assistant County Solicitor, for appellant.

*Alan D. Riester,* with him *Paul W. Brandt, William W. Milnes* and *Brandt, Riester & Brandt,* for appellee.

OPINION BY DITHRICH, J., January 20, 1953:

This is an appeal by the Board of Property Assessment, Appeals and Review of Allegheny County from the order of the court below directing appellant to transfer property of the Longvue Disposal Corporation, appellee, from the taxable to the real estate exempt column in its records as of January 1, 1950, and enjoining the township, school district, and county taxing authorities from attempting to collect real estate taxes on that property for any levies made subse-

quent to that date.

Appellee, duly certificated by the Public Utility Commission to furnish sewage service to the public in a portion of the Township of McCandless, at present serves 322 dwellings in a housing development, known as Longvue Acres, and an adjoining public school. It also stands ready to serve any other applicant for, service within its charter area. Individual purchasers of houses in the development are required by the terms of their sales agreements with the development company—the owners of which are, practically speaking, also the owners of appellee—to use appellee's sewage disposal service at a stated rental fee under a schedule of tariffs filed with the Public Utility Commission.

The 1949 triennial assessment of the property involved was as follows:

| | |
|---|---|
| "5.1503 Acres of Land, Peebles Road | $ 360.00 |
| 1 story cement block sewage disposal plant, pump house and machinery | 50,000.00 |
| Total | $50,360.00" |

When appellee's application for exemption was denied, it appealed to the court below, which held that appellee was a quasi public corporation and therefore exempt from taxation in accordance with well-settled decisional law.

The applicable law is contained in *Philadelphia Rural Transit Co. v. Philadelphia*, 309 Pa. 84, 159 A. 861, where the Supreme Court, speaking through Mr. Justice, later Chief Justice, MAXEY, said (pp. 89, 90): "The policy and law of this Commonwealth in respect to local taxation of the property of a public or quasi public corporation essential to the exercise of its corporate franchises is clearly expressed by this court in an opinion by Mr. Justice ELKIN in Conoy Twp. v.

York Haven Co., 222 Pa. 319, as follows: 'It has been uniformly held in Pennsylvania that the real estate of a public or quasi public corporation, essential to the exercise of its corporate franchises, is not subject to local taxation in the absence of legislative authority imposing such taxes. . . .' "

The possession of a certificate of public convenience does not make appellee a quasi public corporation; but, on the other hand, the fact that appellee lacks the power of eminent domain does not affect its quasi public status, if that status is otherwise established. *Philadelphia Rural Transit Co. v. Philadelphia,* supra. It must also be kept in mind that the question whether or not a corporation is quasi public is for the courts to determine on the facts of each case. In that case the Court held (p. 95) that appellant was not entitled to exemption for the reason that while buses "may be regarded . . . as public conveniences . . . no one can contend that they are public necessities."

Appellant asserts that while appellee's disposal facility is a highly desirable method of sewage disposal it is not the only means by which sewage may be disposed of (referring especially to septic tanks) and, therefore, is but a convenience intended to benefit the inhabitants in the housing development constructed by the owners of the appellee-corporation. But there is evidence that appellee was advised by the State Health Department that it intended to discourage the use of septic tanks since they did not work satisfactorily and that appellee "would have to find some other . . . system for . . . [its] sewage collection and disposal plant." Appellee's service, which is not limited to housing units within the development, is, in view of the stand taken by the State Health Department, the only existing means of sewage disposal presently available to appellee.

We approve of and adopt the following excerpts from the opinion of the learned court below: "We cannot visualize any service more necessary for the well being of the local public than the sanitary disposal of sewage. If this plant were owned by McCandless Township (and the owners have offered it to the Township for $1.00 consideration) it would be exempt from school district and county taxation. If it were functioning as a municipal Authority it would also be exempt from local taxation." The principle that exempts municipal Authorities, i.e., the vital interest which the Commonwealth has in conserving the health and well-being of its citizens, is directly involved and applicable here.

The order is affirmed.