Atlantic Freight Lines, Inc., Appellant, *v.* Rankin.

Argued March 26, 1953. Before STERN, C. J., STEARNE, JONES, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Edward Dumbauld,* for appellant.

*Jacob E. Horewitz,* with him *Eustace H. Bane,* Solicitor for Fayette County, for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, May 25, 1953:

The question raised by this appeal is whether or not an interstate common carrier of freight by motor vehicle is entitled to exemption from local real estate taxation as a quasi-public corporation. The court below held that it was not and dismissed the complaint seeking to enjoin the county officials from levying such tax.

The chancellor made the following findings of fact, based upon stipulation of counsel: "1. Plaintiff is a Pennsylvania corporation engaged in transporting goods by motor vehicle in interstate commerce, with its principal office in this county. It operates between terminals in the states of New York, New Jersey, Pennsylvania, Ohio, West Virginia, and Maryland, under a certificate of public convenience and necessity from the Interstate Commerce Commission, by which exclusively its service, routes, rates, and charges are regulated (Part II of the Interstate Commerce Act, 49 U. S. C. A. 301, et seq., originally known as the Motor Carrier Act). It does not engage in intrastate transportation within this Commonwealth, nor has it ever applied to the Pennsylvania Public Utility Commission for authority to do so.

"2. Plaintiff owns in North Union Township, in this county, a tract of 2.059 acres of land, upon which it has erected and now maintains its office and terminal buildings, repair shops, and other facilities required by it in the operation of its business, which property the Fayette County Board of Assessment and Revision of Taxes has assessed for tax purposes for the year 1951 at a valuation of $16,000.00.

"3. For the year 1951 plaintiff paid a capital stock tax and a corporate net income tax to the Commonwealth of Pennsylvania."

Article IX, §1 of the Pennsylvania Constitution, as amended, provides: "All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws; . . . the General Assembly may, by general laws, exempt from taxation public property used for public purposes, actual places of religious worship, places of burial not used or held for private or corporate profit, institutions of purely public charity, and real and personal property owned, occupied, and used by any branch, post, or camp of honorably discharged soldiers, sailors, and marines."

By an unbroken line of decisions of this Court during the past century and a quarter, it has been held that most real property of certain corporations may not be taxed by local governments. The usual beneficiaries of this exemption are railroads, street railways, and power, gas and water companies. Such exemptions are neither those permitted by the constitution nor by statute. The learned counsel for appellant concedes that the exemptions of public utilities from such taxation, after long lapse of time, became fixed in the law by judicial precedent. Cf., illuminating article on Exemption of Real Property of Public Utilities from Local Taxation in Pennsylvania by William C. Walker, Esq., in 13 Univ. of Pgh. L. Rev. 263.

The doctrine of exemption of real estate of public or quasi-public corporations is stated in *Conoy Township Supervisors v. York Haven Electric Power Plant Company,* 222 Pa. 319, 321, 71 A. 207: "It has been uniformly held in Pennsylvania, that the real estate of a public, or quasi public, corporation, essential to the exercise of its corporate franchises is not subject to local taxation in the absence of legislative authority imposing such taxes. The power to tax necessarily includes the power to sell for nonpayment of taxes, and thus the property of a public corporation, without which it could not perform its duties to the public, could be sold piecemeal and the corporate purpose be defeated by divesting the title to certain portions of the real estate against which tax liens were filed. Again, many quasi public corporations extend into and through different municipalities, and as a question of public policy, it has not been deemed wise to subject them to the exactions of the taxing officer at every municipal division line, but rather to authorize the commonwealth to impose a capital stock tax upon such corporations, and in appraising the same for the purpose of taxation, the real estate, franchises, earning power, dividends and all other matters which affect the value thereof, must be taken into consideration. In this manner the real estate of a quasi public corporation is taxed, and while the tax goes directly to the state in the first instance, cities, boroughs, townships, school districts and other municipal divisions receive the benefits of such taxation by appropriations made to the public schools, to hospitals, to eleemosynary institutions and to charities of different kinds located throughout the state. But without further discussion of the policy of the law, which is the foundation of the rule, it is settled in this state that the words 'real estate' in our taxing statutes do not include lands or appurtenances essential and necessary to the exercise of the franchise of a public

corporation: Lehigh Coal & Navigation Company v. Northampton County, 8 W. & S. 334; Railroad Co. v. Berks County, 6 Pa. 70; Schuylkill Navigation Co. v. Berks County, 11 Pa. 202; Wayne County v. Canal Co., 15 Pa. 351; Railroad Co. v. Sabin, 26 Pa. 242; West Chester Gas Co. v. Chester County, 30 Pa. 232; Coatesville Gas Co. v. Chester County, 97 Pa. 476; Pittsburg's Appeal, 123 Pa. 374; Roaring Creek Water Co. v. Girton, 142 Pa. 92; Northampton County v. Easton Pass. Railway Co., 148 Pa. 282; Spring Brook Water Co. v. Kelly, 17 Pa. Superior Ct. 347; St. Mary's Gas Co. v. Elk County, 191 Pa. 458; Southern Electric Light & Power Co. v. Phila., 191 Pa. 170; Philadelphia v. Electric Traction Co., 208 Pa. 157.

"These and other similar cases hold that the real estate of turnpike, navigation, canal, railroad, street railway, artificial and natural gas, water and electric light and power companies, essential and necessary to the exercise of their corporate franchises, is not subject to taxation for local purposes. The only question in the present case is whether appellee is a quasi public corporation within the meaning of the law, so as to entitle it to exemption from local taxation."

The present inquiry therefore is to determine whether or not the appellant is a quasi-public corporation within the meaning of our decisions.

In *Philadelphia Rural Transit Co. v. Philadelphia,* 309 Pa. 84, 159 A. 861, the facts were quite similar to those in the case now before us. The transit company in that case was a common carrier in motor busses of *passengers* for hire. The property levied upon for taxes consisted of real estate used for ". . . offices for carrying on appellant's business; for the storage, maintenance and inspection and repair of motor busses; and for the storage of bus chassis, parts of oil burners, tool boxes, winter fronts for busses, filing records, supplies and equipment. A driveway in daily use for appellant's

omnibuses is included in the property the assessment of which is complained of. The appellant is incorporated under the Act of 1874. It operates as a common carrier under a certificate of public convenience from the public service commission. It pays a capital stock tax to the Commonwealth on all of its capital, including its investment in the property described."

The test as to whether or not a corporation is quasi-public was stated in that case by Chief Justice MAXEY (then Justice) in these words (p. 97) : "The question whether or not a corporation is quasi public is for the courts to determine on the facts of each case. A corporation cannot obtain judicial recognition as quasi public unless the service it renders to the public or a large part of it are so essential to public well-being that any interference with its functions by local administrative agencies would be insufferable to the sovereign Commonwealth. The functions of the appellant company do not bring it within this class of corporations. It is only a private corporation which does not have to possess even chartered rights, much less sovereign rights, to carry on its activities. It renders no service which cannot be furnished through the ordinary channels of private competitive business. The State has no more solicitude for its continued operation unhampered by local taxing agencies than it has for the continued activity of an individual who owns a jitney and who after receiving a certificate of public convenience engages for his personal profit in the carrying of passengers for hire."

Applying this test to the present facts, it is equally evident that this common carrier in motor vehicles of *goods* for hire is in precisely the same situation as such a common carrier of *passengers*. The status is the same. Such a corporation cannot be said to render such essential public service that any interference with its func-

tions by local administrative agencies would be insufferable to the Commonwealth. Motor vehicles using the public roads are in a far different situation than railroads, street railways and pipe lines (water, gas and oil) where a sale of a portion might seriously jeopardize essential public requirements. Further elaboration would appear to be unnecessary.

There is no merit in the contention that discrimination against appellant is shown because in the same county the taxing authorities permit an interstate common carrier by motor vehicle, which did not own real estate in the county, to make some joint use with a railroad company of tax exempt real estate owned by the railroad company. If such an exemption is invalid, clearly it forms no basis for exempting the real estate here in question. Appellant does not allege that a general scheme of taxation exists which results in a different standard being applied to it than is applied to all other taxpayers in the county possessing a similar status. An illegal exemption to one other corporation cannot be the basis for an exemption to appellant.

The decree is affirmed at the cost of appellant.