Longvue Disposal Corporation *v.* Board of Property Assessment, Appeals and Review of Allegheny County, Appellant.

36

Argued May 29, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*Leonard Boreman,* Special Counsel, with him *Nathaniel K. Beck,* County Solicitor, for appellant.

*Alan D. Riester,* with him *Paul W. Brandt, William W. Milnes* and *Brandt, Riester & Brandt,* for appellee.

OPINION BY MR. JUSTICE JONES, October 5, 1953:

This case involves the right of the plaintiff corporation to exemption from local real estate taxation as a quasi-public body performing a service essential to

the public welfare. The question was raised by the corporation's appeal to the court of common pleas of Allegheny County from the assessment of its property made by the county Board of Property Assessment, Appeals and Review. The court sustained the appeal and directed the board to transfer the property involved from taxable to tax exempt on its records. Upon appeal by the county, the Superior Court affirmed: see 172 Pa. Superior Ct. 359, 93 A. 2d 865. On the county's representation that the allowance of the exemption was an unwarranted extension of the principle involved, we granted an allocatur. It is unnecessary here to restate the facts in detail.

While the basis for the exemption from local taxation of real estate of quasi-public corporations performing essential public services has unvaryingly been ascribed to this court's early pronouncement in *Schuylkill Bridge Co. v. Frailey,* 13 S. & R. 422 (1826), the decision in that case was in no sense a judicial promulgation of an exemption from taxation. Nor could it have been intended so to be. A court is without power to create such an exemption. "Exemption is controlled by the Constitution and by statute [footnote indicated]. 'The claimant of exemption from taxation must show affirmative legislation in support of his claim, and his case must be clearly within it.'": *Dougherty v. Philadelphia,* 314 Pa. 298, 301-302, 171 A. 583, quoting from *Philadelphia v. Barber,* 160 Pa. 123, 126, 28 A. 644. Certain it is that exemption from taxation of property of public utilities does not derive from any existing statute.

What the *Schuylkill Bridge Co.* case decided, and all that it decided, was that the privately owned toll bridge involved in that case was not within the category of items of property specified by the taxing statute there in question (Act of April 11, 1799, 4 Dall.

L. 508) and consequently was not subject to the tax imposed pursuant to that Act. So much is plainly evident from the opinion of Chief Justice TILGHMAN who stated that "The right of the legislature to impose a tax is not denied, but it is denied that this, or any other bridge, is one of the articles designated for taxation, by the act of assembly." From the fact that a bridge was not expressly included in the list of enumerated articles made subject to the tax imposed by the Act plus the fact that the statute did not provide a method for determining the value of a toll bridge, the court concluded that the bridge in question did not fall within the intended scope of the Act. In the course of the opinion for the court, the learned Chief Justice opined, as a probable reason for the legislative policy of excluding bridges from taxation, that "It might have been thought impolitic to damp that spirit of enterprise, which might lead to the construction of bridges over all our rivers; an object of vast importance to the state, and not to be accomplished without great cost and hazard" and then further volunteered that ". . . the companies by which they were erected, stood in need of encouragement. Not only was the *cost* very great but the *hazard* also." Apart from impliedly recognizing that policy-making is the province of the legislature, nowhere did the court assume to assert judicial power to exempt property from taxation.

Subsequent cases extended the exclusory legislative intent perceived in the *Schuylkill Bridge Co.* case, supra, to other forms of property corporately owned and operated and ascribed additional reasons for the legislature's adjudicated failure to subject property of quasi-public bodies to local taxation by general statutes: see, e.g., *Lehigh Coal & Navigation Co. v. Northampton County*, 8 W. & S. 334, and *Conoy Township v. York Haven Electric Power Plant Co.*, 222 Pa. 319,

71 A. 207.[1] In the *Conoy* case it was said that ". . . it is settled in this state that the words 'real estate' in our taxing statutes do not include lands or appurtenances essential and necessary to the exercise of the franchise of a public corporation." Thus, the freedom of property of public utilities from local taxation was made to rest on the restricted legal meaning of the term "real estate", as judicially determined, when employed in a tax statute. No question of the legislature's power to subject such property to local taxation by the use of words appropriate and efficient for the purpose was involved in any of the cases where such exemption from taxes has been claimed and allowed.

Nor does the exemption derive alone from the restricted meaning in a tax statute of the term "real estate" in relation to the property of a public utility, as suggested in the *Conoy* case, supra. It is also necessary that a claimant of such exemption qualify in all respects as a quasi-public body performing a service essential to the public welfare. See *Philadelphia Rural Transit Co. v. Philadelphia*, 309 Pa. 84, 159 A. 861, where relief from local property taxes was denied a bus company. In that case Mr. Justice MAXEY, speaking for this court, said (p. 97),—"A corporation cannot obtain judicial recognition as quasi public unless the service it renders to the public or a large part of it are so essential to public well-being that any interference with its functions by local administrative

---

[1] Most of the reasons so advanced for the imputed legislative intent to exempt were found later to be untenable and, accordingly, were rejected, but the ascribed intent continued to be applied unquestioningly. For a discriminating review of the cases and a well-reasoned discussion of the subject, see article entitled "Exemption of Real Property of Public Utilities from Local Taxation in Pennsylvania" by William C. Walker, a member of the bar of Allegheny County, in University of Pittsburgh Law Review, Volume 13, p. 263.

agencies would be insufferable to the sovereign Commonwealth. . . [Continuing with specific reference to the claimant in that case] It is only a private corporation which does not have to possess even chartered rights, much less sovereign rights, to carry on its activities. It renders no service which cannot be furnished through the ordinary channels of private competitive business. The State has no more solicitude for its continued operation unhampered by local taxing agencies than it has for the continued activity of an individual who owns a jitney and who after receiving a certificate of public convenience engages for his personal profit in the carrying of passengers for hire." See also *Pittsburgh Joint Stock Yards Company v. Board of Property Assessment,* 353 Pa. 135, 137, 44 A. 2d 564; and *Atlantic Freight Lines, Inc. v. Rankin,* 373 Pa. 517, 96 A. 2d 870.

The sole question, then, is whether the plaintiff corporation is a quasi-public body performing an essential public service. The supportable, indeed the indisputable, findings of the learned court of common pleas leave no doubt that it is. The corporation furnished all of the houses in Longvue Acres (322 in number) and a school outside the housing development but within the corporation's certificated area with sewage disposal facilities. It had, in addition, applications for such services from a local religious school, a Home for Incurables and a new public school, all likewise outside the Longvue Acres development but within the corporation's chartered area. The services to these latter applicants, when their buildings are constructed, will be taken care of by expanded facilities presently under construction by the corporation for the purpose of serving its certificated area. The corporation is also able to serve 250 additional private homes, upon application, with sewage disposal facilities. The dwell-

ings in Longvue Acres, all of which are now separately owned privately, are required under the terms of the contracts of their purchase to use the corporation's sewage disposal facilities for which the individual owners of the houses pay in accordance with a schedule of tariffs filed by the corporation with the Public Utility Commission. There is no other sewage disposal available to the residents of Longvue Acres or elsewhere within the corporation's certificated area. The corporation is not run for profit but merely at cost of operation and has offered to transfer its disposal plant to the local township, free of debt, for a consideration of $1. This offer, which has not been accepted, remains extant.

It would be difficult to imagine a more truly quasi-public body or one devoted to a more essentially necessary public service than the present appellee. It must afford the whole of a specified geographical area with sewage disposal facilities subject to regulation by the State both as to the rates and adequacy of the services furnished; and, while it is protected by the State from competition, it concomitantly bears the responsibility properly attaching to the public grant of a monopolistic license. Undeniably, the services which the company renders are of a character in which the sovereign is highly interested and which rarely, if ever, are the subject of competitive business for profit. Naturally, the State has the greatest solicitude for all efforts to obviate or, at least, to minimize dangers to public health. Indeed, the developed housing area here involved would not be permitted to be without sewage disposal facilities of some character. Like the Superior Court, we fully accord with the well-reasoned conclusion of Judge KENNEDY for the court of common pleas.

42

In holding that the plaintiff corporation is not liable for local property taxes, we are not extending the category of exemptibles. We decide no more than that a quasi-public body engaged in the performance of an essentially necessary public service, such as the present appellee, has not been brought. by the legislature within the scope of the statutes authorizing local taxation of property.

Order affirmed.