## M. P. Acee Co., Inc., v. Allegheny County

*Kenney, Stevens, Hill & Clark,* for plaintiff.

*Maurice Louik,* County Solicitor, and *Joseph H. Ridge* and *Philip Baskin,* Assistant County Solicitors, for defendant.

BROWN, J., July 9, 1958.—This is an action in mandamus brought by plaintiffs against the Board of Property Assessment, Appeals and Review of Allegheny County.

Plaintiffs allege that they bring this action on behalf of themselves and all other persons who are the owners of assessed real estate in Allegheny County upon which are situated mills, mines, manufactories and industrial establishments wherein are located machinery, tools, appliances and other equipment. A corollary suit at no. 1339, July term, 1958, filed by lessees of industrial real estate and owners of machinery, and involving the same principles of law, will be adjudicated by this opinion.

The General County Assessment Law of May 22, 1933, P. L. 853, as amended by the Act of July 6, 1957, P. L. 954, provides in part as follows:

"Section 201.  Subjects of Taxation Enumerated.

"The following subjects and property shall, as hereinafter provided, be valued and assessed, and subject to taxation for all county, city, borough, town, township, school and poor purposes at the annual rate:

"(a) All real estate, to-wit: Houses, house trailers permanently attached to land, lands, lots of ground and ground rents, trailer parks and parking lots, mills and manufactories of all kinds, furnaces, forges, bloomeries, distilleries, sugar houses, malt houses, breweries, tan yards, fisheries, and ferries, wharves, and all other real estate not exempt by law from taxation. Machinery, tools, appliances and other equipment contained in any mill, mine, manufactory or industrial establishment shall not be considered or included as

a part of the real estate in determining the value of such mill, mine, manufactory or industrial establishment: Provided, That for the tax or fiscal year beginning on or after the first day of January, one thousand nine hundred fifty-eight, eighty per centum of the assessed value of any such machinery, tools, appliances and other equipment located in counties of the second class as well as in all cities of the third class, boroughs, townships, school districts of the second, third and fourth class, and institutional districts in counties of the second class, shall be considered and included in determining the value of such mill, mine, manufactory or industrial establishment: . . ."

The Board of Property Assessment, Appeals and Review of Allegheny County, hereinafter referred to as the board, is provided for by the Act of June 21, 1939, P. L. 626, whose duties, inter alia, are as follows, section 4:

"Powers and duties of board.

"The Board of Property Assessment, Appeals and Review shall have power and its duty shall be:

"(a) To make and supervise the making of all assessments and valuations of all subjects of taxation in the county as required by existing law.

"(b) To revise and equalize all such assessments and valuations.

"(c) To hear all cases of appeals from assessments, and all complaints as to assessments, errors, exonerations and refunds.

"(d) To pass upon and determine the amount of property of any organization or institution which is under the provisions of existing law entitled to exemption from taxation . . .".

Section 12 of the Act of 1939, supra, provides as follows:

"Appeal to court of common pleas; . . .

"After action on such assessments by the board, any taxpayer dissatisfied with the assessment of his property may appeal therefrom to the court of common pleas of the county within sixty (60) days from the date of notice of the assessment, as provided by existing law, and it shall be the duty of the court to hear and determine said appeal, and, if necessary, to make such changes in the assessment as may be right and proper . . ."

Plaintiffs, severally on or about February 28, 1958, by registered mail, gave notice to defendant board that they were entitled to the mandatory reduction provided in the Act of 1957, supra, and made demand on the board to grant the same to them, by petition. In said petition plaintiffs set forth that they were not appealing from the assessment which had been made upon their machinery for the year 1958, which defendant admits had not been reduced by the 20 percent as required by the act of assembly aforesaid.

Defendant board by letter in answer to the petition aforesaid, stated, inter alia:

"The transcript in the above captioned proceeding was referred to the Solicitor of the Board for consideration and review. Upon advice of the Solicitor for this Board, the Board will accept written application by any taxpayer for application of Act No. 410 of the 1957 session of the General Assembly, 1957, P.L. 954. Upon receipt of such written application, this Board will review the entire valuation in accordance with the applicable statutory provisions for the revision of assessments or valuations, and fix and determine the valuation of all component factors. After the determination of the valuations of all component factors, this board will then apply the provisions of Act No. 410 by considering and including in such valuation for the year 1958, 80% of the valuation fixed for the factor of machinery."

Following the receipt of said letter, plaintiffs filed this complaint in mandamus, to which defendant filed preliminary objections raising as the pivotal question of law, that the complaint does not set forth an action in which mandamus will lie.

It is clear that in order to maintain an action in mandamus, there must be:

1. The existence of a legal duty on the part of defendant to do the act requested by plaintiff.

2. The existence of an interest in plaintiff in the result.

3. The absence of any other adequate remedy at law.

4. An antecedent demand and refusal.

Our discussion and argument will be based upon the following well-settled legal guideposts: "Preliminary objections admit as true all facts which are averred in the bill of complaint but not the pleader's conclusions or averments of law": Narehood v. Pearson, 374 Pa. 299, 302.

"Mandamus" is a command from a court directed to some inferior court, officer, corporation or person requiring the performance of a particular duty which results from the position of the party to whom it is directed or from operation of law (Goodman v. Meade, 162 Pa. Superior Ct. 587); "mandamus" is extraordinary in character and is a high prerogative writ used rather as a last resort than as a common mode of redress (Tanenbaum v. D'Ascenzo, 356 Pa. 260); and can only be obtained when there is a clear legal right in plaintiff and a positive duty of defendant to be performed, and where there is no other adequate, specific or appropriate remedy: Shamberg v. McNulty, 72 D. & C. 488.

That a court of equity may enjoin against the collection of a tax levied without authority of law is

undoubted. Even when the legislative authority is given to tax for a certain purpose, *yet if the tax levied is clearly in excess of the sum required for that purpose*, its collection may also be enjoined: Byers v. Hempfield Township, 226 Pa. 278, 282.

An administrative body may not act fraudulently, arbitrarily or extend its own jurisdiction under the statute creating it by erroneous construction thereof. If so, it is subject to judicial review: Land Holding Corporation v. Board of Finance and Revenue, 388 Pa. 61, 68.

"The taxing system of this state is entirely a creature of statutory law, and the several steps required to be taken in the assessment and collection of taxes are regulated by statute": H. C. Frick Coke Co. v. Mt. Pleasant Township, 222 Pa. 451, 456.

Tax statutes should receive a strict construction and in cases of doubt, construction should be against the government (Scranton v. O'Malley Manufacturing Co., 341 Pa. 200, 204) ; tax laws are to be construed most strictly against the government and most favorably to the taxpayer, and a citizen cannot be subjected to a special burden without clear warrant of law (Husband's Estate, 316 Pa. 361, 369) ; a tax assessment must depend for its validity upon a statute, and such statute will not be extended, by construction, to things not directly named or described therein; there is no such thing as taxation by implication (United Laundries, Inc., v. Board of Property Assessment, 161 Pa. Superior Ct. 412) ; and a tax statute must be construed primarily by its language and the legislature is presumed to have used words in their ordinary signification: Commonwealth v. Quaker City Cab Co., 287 Pa. 161.

Returning to the first prerequisite of an action in mandamus, to wit, is there here a legal duty on defend-

ant to grant the 20 percent reduction in the assessments for the year 1958?

It should be noted that assessments for purposes of taxation should be made as the law directs (Pennsylvania Company for Insurances v. Bergson, 307 Pa. 44, 51). Under the Act of 1957, supra, plaintiffs are entitled to a mandatory 20 percent reduction in their tax assessments. A statute is mandatory which leaves no discretion for its execution within a board or public body. To determine whether the statute is mandatory or not depends on whether the thing directed to be done is of the essence of the thing required. The intention of the legislature must be ascertained from the entire act, its nature and its object, and the consequences that would result from construing it one way or the other: Pleasant Hills Borough v. Carroll, 182 Pa. Superior Ct. 102; Commonwealth ex rel. Kelley v. Pommer, 330 Pa. 421; and Pennsylvania Railroad Co. v. Board of Revision of Taxes, 372 Pa. 468, 472. Where the duty is mandatory under the statute, not admitting of the exercise of any discretion, plaintiffs are justified in availing themselves of the remedy of mandamus: Soble v. Hines, 347 Pa. 536, 541.

The intention of the legislature is clearly to eventually abolish the tax on machinery, and in its wisdom, which wisdom is not reviewable by this court (English v. Robinson Township School District, 358 Pa. 45), has sought to inflict as little harm as possible on the municipalities that benefit from this revenue. It has decreed the same in words that are not ambiguous but are clear as crystal. For the year 1958, 20 percent was provided for and the following years the taxpayer is entitled to a reduction in specified amounts until the tax is abolished entirely. There is no discretion in this regard within the jurisdiction of the board. Any attempt by this court to read into this statute discretionary power in the board, would be weird,

tortuous and absurd, for if the board may refuse the reduction provided for in 1958, it may refuse to plaintiffs all other reductions and defeat the legislative will.

That the board may find difficulty in following the statute, claiming it is incomplete and conflicting with other tax statutes, is the concern of the legislature, and only in this connection where a statute is challenged as being unconstitutional, which is not here involved, because it is vague and difficult of execution and the court is unable with any reasonable degree of certainty to determine what the legislature intended, will the court interfere: Willcox v. Penn Mutual Life Insurance Co., 357 Pa. 581. On the contrary, when the language of the statute is plain and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning: Commonwealth ex rel. Cartwright v. Cartwright, 350 Pa. 638, 645.

The second prerequisite of the action in mandamus is in plaintiffs' favor, for as owners and/or lessees of machinery they have a direct interest in the result of this action and are entitled to file this action under the mandatory provision of the act of the legislature from which body all the acts of the board gain their validity. A direct interest separately to each of plaintiffs arises by virtue of the fact that if they paid the tax as assessed they may not only be forced into litigation in order to recover that portion of the tax which represents the 20 percent, but it could be that under the law, on the recovery of voluntary overpayment of taxes, they would not be reimbursed (Pittsburgh Coal Company v. Forward Township School District, 366 Pa. 489) ; this notwithstanding the Act of July 8, 1957, P. L. 581, sec. 1, where on appeal from an overassessment it is provided that the overpayment be returned, since this act must presume that in matters

where refunds are made, appeals to the board are properly taken.

The third prerequisite in our controlling question is whether plaintiffs have an adequate remedy by statute, which they must exhaust before resorting to the high prerogative writ of mandamus.

The law is so well settled that citations are not required, that where a remedy or method of procedure is provided or a duty enjoined by any act of assembly, the directions of such act must be strictly pursued: Act of March 31, 1806, P. L. 558, 4 Sm. L. 326, sec. 13, 46 PS §156. To this principle are two exceptions, to wit, where following the statutory procedure will work irreparable harm, and where the power over the thing to be done by the administrative agency is lacking: Duquesne Light Co. v. Upper St. Clair Township, 377 Pa. 323. The harm that could inure to plaintiffs by appeal to the board may not alone be sufficient to relieve them from following the statutory procedure, but we are convinced that the board does not possess the power to refuse, diminish or interfere with the 20 percent reduction of the assessed valuation of machinery, tools, appliances and other equipment taxable heretofore on the basis of 100 percent of the assessed valuation, and that it was the mandatory duty of defendant to present plaintiffs a bill for 80 percent of the assessed valuation, and when it presented plaintiffs a bill for 100 percent of the assessed valuation, defendant was acting beyond the scope of its authority and power.

In Narehood v. Pearson, supra, plaintiffs, taxpayers of Clearfield County, filed a bill in equity to restrain and enjoin the county commissioners and the county board of assessment from proceeding on assessments which plaintiffs averred were illegally and unconstitutionally made, causing the assessment on their property to increase by 400 percent. The allegations stated,

inter alia, that the assessors did not gather data and report same to the chief assessors as required by law. Preliminary objections were filed on the ground that the court of common pleas lacked jurisdiction as plaintiffs had not pursued their statutory remedy of appeal to the board. The court dismissed the preliminary objections and on appeal by defendants, the Supreme Court reversed, holding in the part of its opinion pertinent to the issues in the instant case, that the matters set forth in the bill were mere technical irregularities in assessments and that the statutory remedy could not be circumvented. However, the Supreme Court stated, page 303, that plaintiff's bill contained "no averment or contention that any property was assessed 'at more than 75% of its actual value', or that it was not 'assessed at a value based upon an established predetermined ratio' as *required* and *restricted* by §602 of the Act of January 18, 1952, P. L. 2138, supra". (Italics supplied.) The plain implication of this statement and its direct application to the case at bar is that had the bill contained the averment above mentioned, the trial court would have been sustained. This mandatory provision of the Act of January 18, 1952 above, is in our opinion similar in nature to the Act of 1957, supra.

Defendant board in its oral argument and in its briefs contends that the action it has taken is akin to the procedure involved in the matter of "over-assessing", because it is confronted with some difficult problems arising from inter-triennial and triennial assessments; and cited authorities to the effect that mandamus will not lie in the matter of over-assessments. With this law we are in perfect agreement. However, the fault of defendant's argument is that if it has over-assessed, it has over-assessed in a matter in which its power has been partially shut off, for 80 percent of the assessed valuation is the full cup of

taxes that may be heaped upon plaintiffs, and when the board attempts to extend the assessment beyond 80 percent, its action is null and void.

The fourth prerequisite before us is that mandamus will not lie because there never has been a demand on the part of plaintiffs, and refusal on the part of defendant in connection with the 20 percent mandatory reduction in its assessment for the year 1958. The record is clear that plaintiffs, by petition, demanded this reduction. The board expressly flaunted the clear mandate of the legislature, in its letter, by saying that "upon receipt of a written application by the petitioner they will then apply the provision of the act". The only rational interpretation of this letter is that plaintiffs would not receive this 20 percent reduction unless they made an application for it and had a hearing. What the board is saying, for it must undoubtedly admit plaintiffs are entitled to this 20 percent reduction, is that "you have to have a hearing before us, and without the hearing you will not receive the reduction which has been granted to you by the Legislature".

Plaintiffs are entirely justified in not requesting such hearing, which would be a burden placed upon them without warrant of law: Husband's Estate, supra. Such hearings would not be in the nature of correcting an assessment, correcting errors or passing upon and determining the nature and amount of property entitled to an exemption from taxation, admittedly matters within the province of defendant to determine after a hearing. Moreover, the board's implication that this 20 percent reduction is an exemption and a hearing to determine this fact is properly within its statutory province, is so naive that it needs but little comment from this court, as it is well settled that on a claim for exemption the burden is upon the taxpayer seeking the exemption (Longvue Disposal Corporation

v. Board of Property Assessment, 375 Pa. 35), and the purpose of the hearing is to enable the board to determine whether the taxpayer's property falls within the legal requirements involving exemptions under tax statutes.

Plaintiffs are not contending that the machinery should not have been taxed because of its nature. We are considering the narrow question only, to wit, are plaintiffs entitled to the 20 percent reduction in the assessment of their machinery, etc., for the year 1958, without the necessity of appealing or making application to the board for the said reduction? This is not the factual situation that existed in Gulf Oil Corporation v. Philadelphia, 357 Pa. 101, where on appeal by the Gulf Oil Corporation from the decision of the Philadelphia City Board of Revision of Taxes, appellant objected to the inclusion in its assessment of certain tanks in which were stored gasoline, the machinery tax having been abolished in said city. The court, speaking through Mr. Chief Justice Maxey, stated the question to be as follows:

"The question before us is whether or not certain tanks of appellant's oil refinery used in the course of its refining operations are within the provisions of the Act of June 3, 1915, P. L. 787, 53 PS 4742, which exempts from taxation 'machinery used in manufacturing'."

The 20 percent reduction in the assessment in the instant case is not an exemption. It is nonexistent for all tax purposes. The petition of plaintiffs to the board constituted the demand, and the answer to this demand by the board that plaintiffs should request a hearing, was a requirement placed upon the taxpayer without the board's legal competence, and is tantamount to a refusal to comply with a legal mandate.

We may say by way of reference that a demand may not be necessary in matters of this kind, for in Com-

monwealth ex rel. Middleton v. the Commissioner of Allegheny County, 37 Pa. 237 (1860), the learned court said, at page 246:

"If the Commissioners may neglect this duty until somebody interested requests them to perform it we know of no duty of their office which they may not in like manner neglect. And if they may wait for individual requests and demands before going forward in a plainly-marked path, other public officers may likewise halt in the way prescribed for them to walk in, and the end will be that laws will become ropes of sand, and government an unsubstantial dream."

We comment now briefly upon one other objection made by defendant board in its preliminary objections, to wit, that there is a misjoinder of parties plaintiff. Referring to Pa. R. C. P. 2229, and having pointed out above that all the parties, as owners and/or lessees of machinery, have a direct interest in the outcome of this litigation, and since the complaint raises a common question of law, rule 2229 has been complied with. To require each property owner of the class involved here to bring separate suits in mandamus would defeat and render null and void every principle involved in our Rules of Civil Procedure designed basically to avoid multiplicity of suits.

Summarizing, in the instant case, we hold that the 1958 assessment which assessed 100 percent of the assessed valuation is without warrant of law, that the relief asked by plaintiffs, to wit, that they be assessed at 80 percent of the value for the year 1958, is not within the discretionary power of the board to review on appeal. In other words, once the board admits as it has done here, that it has not given the 20 percent reduction, and once it is conceded, as it must be in this case, that the 20 percent reduction does not lie within the discretionary power of the board to refuse, plaintiffs, who have a direct interest, need not

seek relief by appealing to the board as is required in certain instances, but may properly press their claims in this court by complaint in mandamus.

Our decision is consistent and in harmony with the principles of law pertinent to the subject matter herein, in the following succinct paragraph from Hotel Casey Co. v. Ross, 343 Pa. 573, 584:

"The Pennsylvania courts have regularly granted the writ (of mandamus) where the interpretation of the statute was involved and an improper construction was found without ever referring to any theory that the tribunal's interpretation of the statute involved discretion. In Grime et al. v. Dept. of Pub. Inst., 324 Pa. 371, 188 A. 337, we said (p. 376) : 'While it is true, as a general rule, that an administrative body may interpret the statute which confers upon it duties and functions, and its construction is persuasive upon the courts because it is the body entrusted with the execution of the statute, nevertheless such a body cannot enlarge or diminish its own jurisdiction under the statute by erroneous construction, and determinations of this sort are always subject to judicial review.' To this it may be added that an administrative body cannot violate a statutory mandate even though acting within the general jurisdiction conferred upon it by the statute."

For the reasons above stated the preliminary objections of defendant board will be overruled, and an order will be made as prayed for by plaintiffs that a writ of mandamus issue compelling defendant board to correct the 1958 assessments in accord with this opinion.

## Order

And now, to wit, this July 9, 1958, after oral argument, submission of briefs and consideration thereof, it is ordered, adjudged and decreed that the prelimi-

nary objections filed by defendant herein are overruled, and judgment entered in favor of plaintiffs against defendant, commanding defendant to issue tax duplicates including thereon only 80 percentum of the machinery assesments for the year 1958, in compliance with the Act of July 16, 1957, P. L. 954, Sec. 1, 72 PS. §5020-201. Defendant to pay the costs.

Eo die, exception noted to defendant, and bill sealed.

### Order

And now, this July 9, 1958, by virtue of the opinion filed in the case of M. P. Acee Co., Inc., a corporation, v. Board of Property Assessment, Appeals and Review of Allegheny County, Pennsylvania, at no. 1338, July term, 1958, in this court, it is ordered, adjudged and decreed that the preliminary objections filed by defendant herein are overruled and judgment entered in favor of plaintiffs against defendant, commanding defendant to issue tax duplicates including thereon only 80 percentum of the machinery assessments for the year 1958, in compliance with the Act of July 16, 1957, P. L. 954, sec. 1, 72 PS §5020-201. Defendant to pay the costs.

Eo die, exception noted to defendant, and bill sealed.

### Memorandum sur Rule to Open Judgment

Before Kennedy, O'Brien and Brown, JJ.

BROWN, J., July 17, 1958.—This matter came on for hearing before the court en banc pursuant to rule granted to show cause why the summary judgment entered in the above matter should not be opened and defendant let into a defense.

The summary judgment in the above case was entered pursuant to Pa. R. C. P. 1098 involving actions of mandamus, and summary judgment was entered since the issue involved was clear, as noted in the opinion, there was no question of fact to be controverted and because of the exigency of the case, there

being in Allegheny County, as stated by the solicitor for defendant in his verbal argument, 5,400 taxpayers in the category here involved: Bogdan v. School Dist. of Coal Twp., 369 Pa. 147, and Smith v. Rowland, 353 Pa. 142.

It is axiomatic that a rule to open a judgment is addressed to the sound discretion of the court (Morrisville Shopping Center, Inc., v. Sun Ray Drug Co., 381 Pa. 576), and that a summary judgment is entered subject to the right of defendant to have the judgment opened upon cause shown (Pa. R. C. P. 1098), and a prerequisite thereof is that there be a meritorious defense: Kazanjian, to use, v. Cohen, 175 Pa. Superior Ct. 195.

Defendant has filed a petition and supplemental petition to open the judgment, and the only averments which the court believes are pertinent to the question are found in paragraphs 5 and 7 of the several petitions.

Paragraph 5 alleges that the peremptory action of this court prevents defendant from replying to the representations of plaintiffs in their complaint that they bring this action as a class action on behalf of all other owners of industrial machinery subject to real estate taxation, that if defendant had been permitted to answer, it would have averred, and been prepared to prove, that the owners of approximately 85 percent of the industrial machinery assessed for purposes of real estate taxation by defendant, and whose interests are identical with plaintiffs, have adopted positions which are contrary to the position taken by plaintiffs in these actions and to the procedure followed by plaintiffs in these actions.

Certainly, under our ruling this allegation is of no legal moment. The powers of the board as provided by statute are set forth in our opinion. Inasmuch as we had stated that no appeal to the board is required

for the 20 percent reduction provided for in this act, a hearing to secure this reduction would be a condition imposed by the board without warrant of law. The procedure followed by the owners of 85 percent of the machinery taxable under this act\*, which procedure is not clear on the record, is neither binding upon plaintiffs nor a valid cause for opening this judgment. The legislature did not add this requirement and the court may not do so by interpretation: Altieri v. Allentown Employees' Retirement Board, 368 Pa. 176, 181. Furthermore, we do not feel such procedure is consonant with article 9, sec. 1, of the Constitution of Pennsylvania requiring uniformity of tax laws. There is still a further reason why we believe this averment lacks validity as a defense to opening the judgment. It would be easy for six or seven large corporations to sit down with the board and work out some arrangement under the guise of a hearing, but what about the other 5,000 or more taxpayers? It must be noted that from the decision of the board an appeal to this court is guaranteed to a taxpayer, and to entertain for a moment the fact that the legislature intended such action as is now privately carried on by the "Big Six", with apparent approval of defendant board, would be reading into this act an absurd and unreasonable result, which we are not permitted to do. Commonwealth v. Flickinger, 165 Pa. Superior Ct. 95.

Paragraph 7 of the petition and supplemental petition to open judgment alleged that if defendant is allowed to file an answer, it is prepared to prove that the interpretation of the Act of 1957 is contrary to the order of this court, in which case defendant wishes

---

\* Referred to by the "Pittsburgh Press" of July 16, 1958, as the "Big Six", being the U. S. Steel Corp., Jones and Laughlin Steel Corp., Westinghouse Electric Corp., Allegheny Ludlum Steel Corp., Pittsburgh Plate Glass Co. and Blaw Knox Co.

in this hearing to show the reason or necessity for the act, the circumstances under which it was enacted, the object to be attained, the prior law on the subject, the history of the legislation, the legislative record of the act and the Governor's message of approval

Section 51 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §551, provides that when the words of a law are not explicit, the intention of the legislature may be ascertained by considering, among other matters: (1) The occasion and necessity for the law; (2) the circumstances under which it was enacted; (3) the mischief to be remedied; (4) the object to be attained; . . . (6) the consequences of a particular interpretation: Cloverleaf Trailer Sales Co. v. Pleasant Hills Borough, 366 Pa. 116, 121, 122. It is the opinion of this court that the language of the act is clear, that no resort to statutory construction is necessary (Commonwealth ex rel. Cartwright v. Cartwright, 350 Pa. 638, 645), and we are supported by what was said in Lawrence Township School District Tax Case, 362 Pa. 377: "that where the words of a law are free from ambiguity, the letter of it may not be disregarded by the courts under a pretext of pursuing what may appear to be its spirit"; and the court may not speculate on the intention of the legislature unless such ambiguity exists: Liberty Fireman's Social Club Liquor License, 168 Pa. Superior Ct. 500.

For the reasons above given, it is the opinion of this court that defendant board has failed to show just cause or a meritorious defense for the opening of the judgment, and the rule to open will be discharged.

### Order

And now, July 17, 1958, after oral argument on the petition ex parte defendant on the rule to open judgment, it is ordered that the rule to show cause

why the judgment should not be opened, which was granted by order of this court dated July 14, 1958, be and hereby is discharged. Defendant to pay the costs.

Eo die, exception noted to defendant, and bill sealed.